(11 P.3d 77)

Nos. 84,480
84,481
84,740

JOSEPH TONGE, *Petitioner/Appellee*, v. CHARLES SIMMONS, *et. al*, *Respondents/Appellants*, and BRADLEY S. HOLMES, *Petitioner/ Appellee*, v. CHARLES SIMMONS, *et al., Respondents/Appellants*.

Opinion filed September 15, 2000.

*Jon D. Graves*, special assistant attorney general, of the Kansas Department of Corrections, for appellants.

*Randall H. McEwen*, of Hutchinson, for appellee Tonge.

*Bradley S. Holmes,* appellee pro se.

Before BEIER, P.J., RULON and GERNON, JJ.

RULON, J.: Respondents Charles Simmons, *et al.,* appeal from the judgment of the district court which in effect reduced the amount of restitution costs assessed against the petitioners Joseph Tonge and Bradley Holmes. The petitioners appeal the judgment of the district court and claim the amount of the reduction of restitution was insufficient. We affirm.

The facts distilled to their essence are as follows:

On July 15, 1998, Sergeant Woodmansee of the Ellsworth Correctional Facility noted that petitioners were unaccounted for. The petitioners were not located within the facility but were eventually apprehended and returned to custody.

The Department of Corrections (DOC) charged the petitioners with a disciplinary violation for committing aggravated escape from custody under K.A.R. 44-12-1001. Eventually, the petitioners entered guilty pleas, and the disciplinary board ordered the petitioners to repay the costs expended by the State in regaining their custody, as restitution for the violation. The restitution amounted to $1,956.75 per petitioner.

The petitioners, separately, filed complaints against the DOC, alleging the amount of restitution was unreasonable. The unit team denied the petitioners relief, finding their appeals of the restitution amount were untimely. Upon the petitioners' appeals, the principal administrators, Ray Roberts and Robert Hannigan, and the Secretary of Corrections denied relief for each of the respective grievances. Later, the petitioners each filed a petition for habeas corpus relief under K.S.A. 1999 Supp. 60-1501. After separate hearings, the district court reduced the amount of restitution to $1,104.68 for each petitioner. These appeals followed.

The respondents, in essence, claim this court lacks jurisdiction to entertain the petitioners' appeals.

First, the respondents contend the habeas corpus petitions were not filed within the 30-day limitations period. Although the respondents raised this issue before the district court, that court did not address the issue.

K.S.A. 1999 Supp. 60-1501(b) provides that a prisoner must file his or her habeas corpus petition within 30 days of the date of unlawful action taken by prison authorities, except such time limitation shall be tolled while the prisoner seeks administrative relief within the DOC.

Although the disciplinary penalty including the assessment of restitution was imposed on July 29, 1998, the petitioners' grievances did not contest their guilt in violating K.A.R. 44-12-1001 or the imposition of the penalties associated with that disciplinary violation. Rather, the petitioners challenge only the resulting conditions of their confinement caused by the allegedly unreasonable execution of the penalty depriving them of the capacity to maintain personal hygiene. As such, so long as the DOC's garnishment of the petitioners' accounts leaves the petitioners with insufficient funds to obtain products necessary to maintain personal hygiene and health, the conditions of their confinement are unlawful and a habeas corpus action is appropriate.

Even if the petitions were untimely, the respondents cannot be prejudiced by a complaint of allegedly unlawful prison conditions continuing to exist. As a result, the district court properly did not refuse to consider the petitioners' habeas corpus actions on the grounds they had been filed out of time.

Next, respondents contend the petitioners failed to exhaust their administrative remedies. The record on appeal contains a grievance with the DOC for each petitioner. The petitioners then appealed the denials of relief to their respective principal administrators, and finally to the Secretary of Corrections. Such action by the petitioners complies with the requirements for an administrative appeal promulgated in K.A.R. 44-13-701(a). The decision of the Secretary of Corrections is the final review in the administrative process. K.A.R. 44-13-702. Clearly, the petitioners exhausted their administrative remedies.

Next, the respondents argue that, because the petitioners pled guilty to the disciplinary violation under K.A.R. 44-12-1001, the petitioners cannot now appeal the disciplinary hearing officer's adjudication of guilt. K.A.R. 44-13-701(d). Respondents further argue the hearing officer possessed sufficient evidence to convict the

petitioners of the disciplinary violation charged. Both arguments fail to address the issue raised by the petitioners on appeal. The petitioners contest neither the hearing officer's determination of their guilt nor the imposition of a penalty for the disciplinary violation. Petitioners appeal the conditions of their confinement as a result of the application of the penalty. The petitioners' appeals revolve around the argument that the enforcement of the restitution requirement deprives them of constitutional rights to maintain their personal hygiene.

Finally, the respondents claim the petitioners were not denied due process during the administrative hearings. As we understand, the petitioners did not raise this issue during the administrative hearing. Likewise, this issue has not been raised before us.

Simply said, we have jurisdiction to hear this appeal.

The first contention raised by the petitioners in this appeal challenges the DOC's ability to impose, as restitution, the costs incurred by law enforcement personnel in returning the petitioners to custody after their escape. Petitioners argue the ability to impose the costs of recapture is specifically authorized by K.S.A. 1999 Supp. 21-4603d(a)(8). The authority to impose such costs, however, is limited to the courts. According to K.S.A. 21-4602(a), the petitioners claim that "court" does not encompass administrative hearings conducted by the DOC.

Whether the DOC falls within the definition of "court" for the purposes of K.S.A. 1999 Supp. 21-4603d need not be decided in this case. The DOC, under the authority of the Secretary of Corrections, has broad powers to determine the necessary disciplinary rules and regulations, specifically including payment of restitution, needed for the orderly administration of the correctional institutions. K.S.A. 75-5210(f).

Several of the regulations promulgated by the DOC authorize the DOC to impose reasonable restitution upon prisoners who violate disciplinary rules. See K.A.R. 44-12-1303(b)(7); K.A.R. 44-12-1306. So long as the DOC conforms to its own regulations and those regulations are not in contravention of controlling law, the courts generally extend considerable deference to the application of those regulations. See *Murphy v. Nelson*, 260 Kan. 589, 594-95,

921 P.2d 1225 (1996) (citing *Tew v. Topeka Police & Fire Civ. Serv. Comm'n*, 237 Kan. 96, 100, 697 P.2d 1279 [1985]).

Restitution is designed to deter future misconduct, to rehabilitate the offender by imposing responsibility to society for wrongful conduct, and to compensate the victims of the wrongful conduct. As a result, a sentencing judge has broad discretion in settling the amount of restitution charged to an offender, so long as the amount is related to the offense for which the offender had been convicted. See *State v. Applegate*, 266 Kan. 1072, 1075, 976 P.2d 936 (1999). There is no valid reason to grant less discretion to a disciplinary hearing officer in the case of a discipline violation.

The only limitation on the disciplinary hearing officer's ability to order restitution is that the imposition of restitution must be reasonable. K.A.R. 44-12-1306(a)(4). "Reasonable" restitution is an amount that is "[f]air, proper, just, moderate, [and] suitable under the circumstances." Black's Law Dictionary 1265 (6th ed. 1990).

During the habeas corpus proceedings, the district court determined that requiring the petitioners to pay for all of the officers' time expended in the recapture efforts was unreasonable because some of those officers would have been working at that time, regardless of the petitioners' escape. Consequently, the court reduced the restitution to nearly half of the amount designated for the employment of officers in regaining custody of the petitioners.

The petitioners argue the district court should have ordered that the restitution payment not exceed half of each of the petitioners' accounts. Each petitioner, according to his brief, earns $20 per month. The district court's reduction of the restitution amount provides each petitioner nearly half of their earnings.

Because the original calculation of restitution is within the broad discretion of a sentencing court, see *Applegate*, 266 Kan. at 1075, there is no reason the same discretion should not be afforded a district court in recalculating restitution on a habeas corpus petition. A district court abuses its discretion only when no reasonable person would take the view adopted by the court. See *State v. Davidson*, 264 Kan. 44, 56, 954 P.2d 702 (1998).

As we understand, the district court found that some of the costs included in the DOC's calculation of the restitution were dupli-

cative of normal state law enforcement costs. Furthermore, because the reduced restitution amount was nearly the amount requested by the petitioners, we are convinced a reasonable person could have easily adopted the view taken by the district court. We firmly conclude the district court did not abuse its discretion in reducing the restitution to $2,209.36 (or $1,104.68 per petitioner).

Affirmed.