(70 P.3d 695)

No. 89,229

DAVID P. STOLTE, *Appellant*, v. WILLIAM L. CUMMINGS, J. SHELTON, J. HRABE, and J. BRAUN, *Appellees*.

Opinion filed June 13, 2003.

*Paula D. Hofaker*, of Logan, for appellant.

*Robert E. Wasinger*, of the Kansas Department of Corrections, for appellee.

Before RULON, C.J., KNUDSON, J., and LARSON, S.J.

RULON, C.J.: Petitioner David P. Stolte appeals the district court's denial of the relief requested in his habeas corpus petition. Petitioner claims the inability to purchase personal hygiene products and over-the-counter medication has violated the constitutional prohibition against cruel and unusual punishment. We affirm.

The underlying facts are neither complex nor contested and are as follows:

The petitioner filed a grievance alleging that he was entitled to apply one-half of his prison earnings for the purchase of basic hygienic items, relying upon *Tonge v. Simmons*, 27 Kan. App. 2d 1048, 11 P.3d 77, *rev. denied* 270 Kan. 904 (2000). The prison unit team response indicated the petitioner misinterpreted the holding of *Tonge* and further stated petitioner qualified for an indigent hygienic supplies packet because facility policy procedures prevented petitioner from using his prison earnings to purchase such supplies until his order of restitution had been satisfied in full. The prison unit team response was reviewed and affirmed by the Prison Warden and William L. Cummings, the Secretary of Corrections' designee.

Eventually, the petitioner filed this habeas corpus action claiming the Department of Corrections (DOC) violated a liberty interest created by the promulgation of rules regarding the application of incentive pay. Specifically, the petitioner contended that the holding in *Tonge* requires the DOC to permit inmates to use half of their prison earnings for the purchase of personal hygienic products.

The district court found the petitioner failed to raise a claim of deprivation significant enough to impinge upon constitutional rights and denied the habeas corpus relief requested.

Our standard of review in the context of a K.S.A. 2002 Supp. 60-1501 action is whether the district court's findings of fact are supported by substantial and competent evidence and if such findings are sufficient to support the court's conclusions of law. This court has unlimited review of the district court's conclusions of law. See *Collier v. Nelson*, 25 Kan. App. 2d 582, 584-85, 966 P.2d 1117, *rev. denied* 266 Kan. 1107 (1998).

In order to avoid summary dismissal of a K.S.A. 2002 Supp. 60-1501 proceeding, the petitioner must allege shocking and intolerable conduct or continuing mistreatment which constitutes a significant deprivation of the petitioner's constitutional rights. See *Bankes v. Simmons*, 265 Kan. 341, 349, 963 P.2d 412, *cert. denied* 525 U.S. 1060 (1998).

Here, the petitioner claims that the correctional facility's deliberate indifference to his personal hygiene needs is cruel and unusual punishment. Clearly, among the governmental acts prohibited by the Eighth Amendment is the unnecessary and wanton infliction of pain. See *Rhodes v. Chapman*, 452 U.S. 337, 346, 69 L. Ed. 2d 59, 101 S. Ct. 2392 (1981). The deliberate indifference to an inmate's medical needs by prison officials violates the prohibition against cruel and unusual punishment, but, "[i]n order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 103-06, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976); see *Darnell v. Simmons*, 30 Kan. App. 2d 778, 780, 48 P.3d 1278 (2002). This same standard applies to allegedly unconstitutional conditions of confinement. See *Wilson v. Seiter*, 501 U.S. 294, 298, 115 L. Ed. 2d 271, 111 S. Ct. 2321 (1991).

The standard of "deliberate indifference" possesses two components. First, a court must consider whether the claim involves an essential human need. See *Gillihan v. Shillinger*, 872 F.2d 935, 941 (10th Cir. 1989). If the challenged act or omission deprives an inmate of a basic human need, the court must then consider whether prison officials were aware of the inmate's needs yet failed to meet a need in disregard of an excessive risk to the inmate's health or safety. *Darnell*, 30 Kan. App. 2d at 781.

" 'To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . It is *obduracy and wantonness, not inadvertence or error in good faith,* that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.' " *Wilson*, 501 U.S. at 298-99 (quoting *Whitley v. Albers*, 475 U.S. 312, 319, 89 L. Ed. 2d 251, 106 S. Ct. 1078 [1986]).

Here, the petitioner raised three general complaints concerning the conditions of his confinement. Petitioner contended that the restrictions on his inmate account prevented him from purchasing items needed for his personal hygiene. Petitioner further complained that his inability to access any of the money in his account prevented him from obtaining adequate medical relief from headaches. Finally, petitioner argues that he is subject to continual discomfort because he cannot obtain shoes that fit him properly.

In addressing the petitioner's complaints about the lack of personal hygienic products, we note that only the deprivation of essential hygienic products rises to the level of a constitutional deprivation. See *Gillihan*, 872 F.2d at 941.

This record demonstrates that the petitioner receives, monthly, an indigency package containing a large legal-sized envelope, eight pieces of notebook paper, stationery, four postage-paid envelopes, four plastic razors, one pencil, two tubes of toothpaste, a plastic toothbrush, a comb, and four bars of soap. This record further indicated that the petitioner has been given extra bars of soap on occasion when requested.

In part, the petitioner contends that he should be allowed to purchase additional hygienic products that are not contained in the indigency package, such as shampoo, deodorant, skin lotion, and nail clippers. Such additional items are not absolutely essential for personal hygiene. Even denture compound cannot be said to be an essential product for personal hygiene without demonstrating that the absence of the compound subjects the petitioner to health risks as opposed to mere inconvenience.

Just as a prisoner's disagreement with the medical treatment he or she has received does not establish cruel and unusual punishment, see *Darnell*, 30 Kan. App. 2d at 782 (citing *Johnson v. Stephan*, 6 F.3d 691, 692 [10th Cir. 1993]), so an inmate's mere belief that additional products are necessary for his or her hygiene does not necessarily rise to the level of a constitutional violation.

In relation to the petitioner's claim that he is unable to obtain pain reliever for headaches, the district court found that the facility has provided a procedure by which the petitioner may obtain relief from his headaches. While the procedure is somewhat restrictive

and may cause the petitioner to suffer with a headache, momentarily, until he is able to visit a doctor, the correctional facility has addressed these complaints in a reasonable manner. The petitioner fails to prove that the DOC staff is indifferent to his needs in this regard.

Consequently, this claim fails to establish a constitutional violation. "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes*, 452 U.S. at 347.

Finally, the petitioner complains that he cannot obtain shoes that properly fit him because of the restrictions on his account. However, the district court specifically asked to view the petitioner's feet and noted nothing remarkable about their condition.

Moreover, the petitioner admitted that he had requested new shoes from the corrections facility. There is nothing within the record to indicate that he will not eventually receive the size of shoes requested.

Generally, the petitioner contends that, in *Tonge*, this court held that an inmate is entitled to half of his or her prison earnings for the purchase of personal hygienic products. The position advocated by the petitioner is a misapplication of that case.

In determining whether Tonge's habeas corpus action was timely filed in the district court, this court emphasized the continuing nature of conditions of confinement which prohibited an inmate from maintaining personal hygiene. "[S]o long as the DOC's garnishment of the petitioners' accounts leaves the petitioners with insufficient funds to obtain products *necessary* to maintain personal hygiene and health, the conditions of their confinement are unlawful and a habeas corpus action is appropriate." (Emphasis added.) *Tonge*, 27 Kan. App. 2d at 1050.

This court did not hold, as suggested by the petitioner, that Tonge had suffered a constitutional deprivation of the ability to maintain his personal hygiene. *Tonge* merely held that claims asserting such a deprivation alleged an ongoing unconstitutional con-

dition of confinement, which was properly the subject of a habeas corpus petition. 27 Kan. App. 2d at 1050.

While *Tonge* affirmed the district court's reduction of restitution, this court never concluded that an inmate must be allowed to access half of his or her prison account for the purchases of hygienic products. The petitioner's reliance upon *Tonge* is misplaced.

Where an inmate is provided with adequate basic personal hygienic items, correctional regulations that reasonably prohibit the inmate's access to the funds accumulated in his or her prison account do not unconstitutionally deprive the inmate of the ability to maintain personal hygiene. As a result, such a claim does not constitute cruel and unusual punishment within the meaning of the Eighth Amendment. The district court properly denied the requested habeas corpus relief.

Affirmed.