(201 P.3d 707)
No. 99,251

Jeffrey Litzinger, *Appellant*, v. L.E. Bruce, *et al.*, *Appellees*.

Opinion filed August 29, 2008.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Jon D. Graves*, of Kansas Department of Corrections, of Hutchinson, for appellees.

Before MCANANY, P.J., ELLIOTT and CAPLINGER, JJ.

MCANANY, J.: Jeffrey Litzinger was charged with various drug crimes and rapes. He was convicted on drug charges, but the rape charges were dismissed. Litzinger was sentenced to prison.

On December 6, 2004, the Kansas Department of Corrections (KDOC) approved a request to have Litzinger identified and managed as a sex offender. Litzinger requested an override, which the override panel denied on February 11, 2005.

On July 20, 2006, Litzinger filed a grievance with KDOC in which he challenged his classification as a sex offender. His grievance was denied at every administrative level, including the final denial by the Secretary of Corrections who, on August 16, 2006, mailed to Litzinger his decision upholding the sex-offender classification.

Litzinger brought the present district court action pursuant to K.S.A. 60-1501 on November 6, 2006. KDOC moved to dismiss, arguing that Litzinger had failed to exhaust his administrative remedies and had failed to file a timely complaint within 30 days of the final order. The district court sustained the motion, finding that Litzinger's cause of action arose on either December 6, 2004, or on February 11, 2005. K.A.R. 44-15-101b required that Litzinger file a grievance within 15 days from the date he discovered the event giving rise to the subject matter of the grievance. The court concluded that even if Litzinger were allowed to revive his claim by using the August 16, 2006, grievance denial as the triggering date, his suit was, nevertheless, untimely.

Litzinger appeals. He claims his petition was not untimely. He also claims the 30-day statutory time limitation does not apply to his claim.

We review the district court's order to determine whether its findings of fact are supported by substantial, competent evidence and whether those findings are sufficient to support its conclusions of law. *Rice v. State*, 278 Kan. 309, 320, 95 P.3d 994 (2004). The jurisdictional issue decided by the district court is an issue of law over which our review is unlimited. See *Foster v. Kansas Dept. of Revenue*, 281 Kan. 368, 369, 130 P.3d 560 (2006). Likewise, the exhaustion of administrative remedies issue is one of law over which our review is unlimited. *Miller v. Kansas Dept. of S.R.S.*, 275 Kan. 349, 353, 64 P.3d 395 (2003).

Litzinger was required to file his K.S.A. 60-1501 petition within 30 days from the date the administrative proceedings became final, but that time can be tolled during the pendency of timely efforts to exhaust his administrative remedies. See K.S.A. 60-1501(b); *Battrick v. State*, 267 Kan. 389, 390-91, 985 P.2d 707 (1999). Grievances must be filed within 15 days from the date of the discovery of the event giving rise to the grievance, but in no event later than 1 year after the event giving rise to the grievance. K.A.R. 44-15-101b. K.S.A. 75-52,138 required Litzinger to exhaust all administrative remedies "established by rules and regulations promulgated by the secretary of corrections" before filing his civil action. See *Laubach v. Roberts*, 32 Kan. App. 2d 863, 868-69, 90 P.3d 961 (2004). Litzinger was required to attach to his petition proof that his administrative remedies had been exhausted. See K.S.A. 75-52,138. We have demanded strict compliance with these exhaustion requirements. See, *e.g.*, *Laubach*, 32 Kan. App. 2d at 869.

K.S.A. 75-5210(f) and K.S.A. 75-5251 authorize the Secretary of KDOC to develop rules and regulations for its correctional institutions, including the Internal Management Policies and Procedures (IMPP). See *Collier v. Nelson*, 25 Kan. App. 2d 582, 584-85, 966 P.2d 1117, *rev. denied* 266 Kan. 1107 (1998).

Litzinger failed to appeal the February 11, 2005, decision of the override panel to continue managing him as a sex offender. IMPP 11-115(I)(C)(4)(a) requires that once a request for override has been decided by the panel, any further appeal by an inmate must proceed in accordance with IMPP 11-106(V). IMPP 11-106(V)(A) provides that an inmate may request the warden's review within

72 hours of receiving a classification decision. We find no evidence of such a request. Litzinger did not attach to his petition proof that he exhausted these remedies, as required by K.S.A. 75-52,138.

Furthermore, Litzinger failed to file his grievance within 15 days of the date of discovering the event for which he filed the grievance, as required by K.A.R. 44-15-101b. Litzinger's request for an override was denied on February 11, 2005. He did not begin the grievance process until July 20, 2006.

The 30-day time limit for Litzinger to file suit in the district court could be tolled during the pendency of timely attempts to exhaust his administrative remedies. Litzinger had 15 days from the denial of his override request to initiate the grievance process. He failed to pursue a grievance within this period. Accordingly, the 30-day time limit for Litzinger to file his petition was not tolled, and the petition he eventually filed was untimely. Accordingly, the district court did not err in finding Litzinger's petition to be untimely.

Litzinger contends, however, that the 30-day time limitation for filing his petition does not apply to him because his condition of treatment as a sex offender is ongoing. He relies on *Tonge v. Simmons*, 27 Kan. App. 2d 1048, 11 P.3d 77, *rev. denied* 270 Kan. 904 (2000), for support.

In *Tonge*, several inmates escaped and later were captured. They were charged with aggravated escape from custody. They eventually entered guilty pleas. The disciplinary board ordered each of them to pay restitution of almost $2,000. The inmates commenced their grievances from the restitution orders, and their grievances were denied as untimely. The inmates brought actions in the district court. They did not challenge the underlying disciplinary actions, but contended that payment of the restitution orders through periodic garnishments of their prison accounts deprived them of sufficient funds to obtain necessary personal hygiene and health products. The district court reduced the restitution orders to about $1,100 each, and KDOC appealed, claiming the district court lacked jurisdiction to do so. On appeal this court held that the nature of the inmates' complaints related to the ongoing conditions of their confinement caused by the ongoing garnishments of their

accounts by KDOC, and as a result their petitions were not time-barred.

We do not believe that *Tonge* applies. The court in *Tonge* noted:

"[T]he petitioners' grievances did not contest their guilt in violating K.A.R. 44-12-1001 or the imposition of the penalties associated with that disciplinary violation. Rather, the petitioners challenge only the resulting conditions of their confinement caused by the allegedly unreasonable execution of the penalty depriving them of the capacity to maintain personal hygiene." 27 Kan. App. 3d at 1050.

Here, Litzinger challenges his initial classification as a sex offender, not the resulting conditions of his confinement. His classification occurred long before he initiated his untimely grievance efforts. The only references in his petition to possible constitutional claims are his references to double jeopardy, denial of equal protection of the law, the reckless disregard of some unspecified federal civil rights, and cruel and unusual punishment, all of which appear to relate to the initial decision to classify and manage Litzinger as a sex offender. Litzinger relates the following consequences of his classification as a sex offender:

"As a result of being labeled a sex predator, petitioner has been subjected to oblique threats and ridicule by other prisoners. Former friends and associates, thinking petitioner is a sex predator, have ostracized the petitioner. As a result of being falsely and maliciously accused of being a sex offender, petitioner has suffered excruciating mental pain and anguish."

This raises the question whether the 30-day time for bringing suit commences when the discrete act of classifying Litzinger occurred, or when Litzinger experienced the collateral effects of that decision.

*Delaware State College v. Ricks*, 449 U.S. 250, 66 L. Ed. 2d 431, 101 S. Ct. 498 (1980), provides some guidance. There, Ricks alleged that he was discharged because of race. He was denied academic tenure at the college but given a 1-year nonrenewable teaching contract for the academic year. Ricks claimed the denial of tenure was racially motivated. He argued that the time for asserting his discrimination claim began to run from the end of the academic year when he left the college, not from the date he was denied tenure. The Supreme Court ruled that the time for asserting his claim began to run with the denial of tenure, when the

alleged intentional discrimination occurred, not from the date when the effects of the discrimination were felt. Similar holdings are found in *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 52 L. Ed. 2d 571, 97 S. Ct. 1885 (1977), and most recently in *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 167 L. Ed. 2d 982, 127 S. Ct. 2162 (2007).

The gravamen of Litzinger's suit is that he was wrongfully classified as a sex offender. KDOC's classification decision commenced the running of the 30-day period for Litzinger to appeal. Litzinger failed to toll the running of that 30-day period by timely pursuit of the grievance process. Thus, Litzinger's suit was untimely. Accordingly, the district court did not err in sustaining KDOC's motion to dismiss.

Affirmed.