(217 P.3d 991)
No. 101,720

MORRIS E. CORTER, *Appellant,* v. SAM CLINE, *et al., Appellees.*

Opinion filed July 17, 2009.

*Morris E. Corter,* appellant pro se.

*Jon D. Graves,* of Kansas Department of Corrections, for appellees.

Before MCANANY, P.J., ELLIOTT and CAPLINGER, JJ.

ELLIOTT, J.: Morris E. Corter appeals the trial court's summary denial of his K.S.A. 60-1501 petition. We affirm.

While in prison for first-degree murder and aggravated arson, Corter was notified he would be managed as a sex offender; he attempted to challenge that decision through two administrative processes.

First, Corter sought relief from the decision to manage him as a sex offender; that request was denied in February 2005. Second, in October 2008, he filed a grievance regarding his management as a sex offender. The following day, Corter was notified his grievance was denied.

Failing to pursue further administrative appeals, Corter filed a 60-1501 proceeding in November 2008, claiming his due process rights had been violated when he was managed as a sex offender despite having no sex offenses to support that management. The Kansas Department of Corrections (KDOC) requested the trial court to dismiss the 60-1501 petition; the trial court denied Corter's requests on jurisdictional grounds from which order Corter appeals.

Corter's brief fails to cite to the record on appeal for support of any of his factual allegations. Factual allegations made without being keyed to the record are presumed to be without support. *Goodman v. Wesley Med. Center*, 276 Kan. 586, 595, 78 P.3d 817 (2003); Supreme Court Rule 6.02(d) (2008 Kan. Ct. R. Annot. 38).

To avoid summary dismissal of his 60-1501 petition, Corter must allege shocking and intolerable conduct or continuing mistreatment constituting a significant deprivation of his constitutional rights. *Bankes v. Simmons*, 265 Kan. 341, 349, 963 P.2d 412, *cert. denied* 525 U.S. 1060 (1998).

Because the trial court's decision was based on jurisdictional grounds and Corter's failure to exhaust his administrative remedies, our review is de novo. See *Foster v. Kansas Dept. of Revenue*, 281 Kan. 368, 369, 130 P.3d 560 (2006).

Before filing actions in the district courts, petitioners like Corter must comply with exhaustive requests. K.S.A. 75-52,138 requires petitioners to exhaust all administrative remedies "established by rules and regulations promulgated by the secretary of corrections." See *Laubach v. Roberts*, 32 Kan. App. 2d 863, 868-69, 90 P.3d 961 (2004).

K.S.A. 75-5210(f) and K.S.A. 75-5251 authorize the Secretary of Corrections to develop rules and regulations for the correctional institutions, including Internal Management Policies and Proce-

dures (IMPP). See *Collier v. Nelson*, 25 Kan. App. 2d 582, 584-85, 966 P.2d 1117, *rev. denied* 266 Kan. 1107 (1998).

IMPP 11-115(1)(C)(4)(a) requires that once there is a decision by the override panel, any further appeal by an inmate must proceed in accordance with IMPP 11-106(V). IMPP-11-106(V)(A) provides that an inmate may request the warden's review within 72 hours of receiving a classification decision.

There are also time requirements a petitioner must meet. First, a petitioner is required to file a K.S.A. 60-1501 petition within 30 days from the date the administrative proceedings are final, but the time may be tolled during timely efforts to exhaust administrative remedies. See K.S.A. 60-1501(b); *Battrick v. State*, 267 Kan. 389, 390-91, 985 P.2d 707 (1999).

Further, no grievance may be filed more than 1 year after the event giving rise to the grievance. K.A.R. 44-15-101b. And finally, as part of a 60-1501 petition, a petitioner must attach proof that administrative remedies have been exhausted. See K.S.A. 75-52,138. We have required strict compliance with these exhaustive requirements. See, *e.g., Laubach*, 32 Kan. App. 2d at 869.

Here, Corter failed to comply with the exhaustion and time requirements. First, there is no evidence that Corter requested the warden's review of the override panel's decision pursuant to IMPP 11-115(1)(C)(4)(a) and 11-106(V)(A). If Corter requested such review, he failed to attach proof of that review to his petition in accordance with K.S.A. 75-52,138.

Further, Corter failed to file his grievance within 15 days of the discovery of the event giving rise to the grievance. K.A.R. 44-15-101b.

The trial court did not err in finding Corter's petition to be untimely.

Corter claims the 30-day limitation for filing a claim does not apply to him because his condition of being managed as a sex offender is ongoing/continuing. In this regard, his reliance on *Tonge v. Simmons*, 27 Kan. App. 2d 1048, 11 P.3d 77, *rev. denied* 270 Kan. 904 (2000), is misplaced.

In *Tonge*, we held the inmates' petitions were not time barred, but specifically stated:

"[T]he petitioners' grievances did not contest their guilt in violating K.A.R. 44-12-1001 or the imposition of the penalties associated with that disciplinary violation. Rather, the petitioners challenge only the resulting conditions of their confinement caused by the allegedly unreasonable execution of the penalty depriving them of the capacity to maintain personal hygiene." 27 Kan. App. 2d at 1050.

Unlike the prisoners in *Tonge*, Corter here does not challenge conditions associated with executing the penalties of his classification.

*Litzinger v. Bruce*, 41 Kan. App. 2d 9, 201 P.3d 707 (2008), is instructive. There, we ultimately held that Litzinger complained of the condition associated with his classification so that the 30-day time period commenced when KDOC made its classification decision and not the date he experienced collateral effects. *Litzinger*, 41 Kan. App. 2d at 13-14.

Here, Corter's argument is less convincing than Litzinger's was. Unlike Litzinger, Corter does not even argue he experienced collateral effects from his classification as a sex offender. Rather, Corter simply argues that conditions of his classification violate his due process rights.

Corter's only reason for failing to timely file his 60-1501 petition is that he "was unaware of any constitutional violations in his management as a sex offender which would allow him to file a habeas action" until he read *Schuyler v. Roberts*, 285 Kan. 677, 175 P.3d 259 (2008). Simply put, this is not an acceptable reason for delay under 60-1501(b).

Because Corter failed to exhaust his administrative remedies and failed to timely file his 60-1501 petition, we do not have jurisdiction to consider the merits of his constitutional claims. See *State v. Verge*, 272 Kan. 501, 521, 34 P.3d 449 (2001); *Laubach*, 32 Kan. App. 2d at 870.

Affirmed.