NOT DESIGNATED FOR PUBLICATION

No. 114,340

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TERRY F. WALLING,
*Appellant*,

v.

KANSAS PRISONER REVIEW BOARD,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed April 29, 2016. Affirmed.

*Michael G. Highland*, of Bonner Springs, for appellant.

*Whitney L. Casement*, assistant attorney general, for appellee.

Before ATCHESON, P.J., BRUNS, J., and WALKER, S.J.

*Per Curiam*: This appeal addresses one of at least two challenges that Terry F. Walling has raised to the Kansas Prisoner Review Board's (KPRB) March 12, 2013, decision that revoked his parole. This court recently affirmed the district court's denial of one of those challenges (case 13-CV-463) in *Walling v. Riggin*, No. 112,052, 2015 WL 3875085 (Kan. App.) (unpublished opinion), *rev. denied* 302 Kan. ___ (September 14, 2015). In this case, Walling seeks review of the district court's summary dismissal of his petition for quo warranto relief, which he filed almost a year after the KPRB's decision revoking his parole. Since we find that quo warranto has no application to these proceedings and that Walling has failed to demonstrate he is entitled to relief under the

1

habeas corpus provisions of K.S.A. 60-1501 *et seq.*, we affirm the district court's dismissal of his petition.

FACTS

On January 22, 2014, Walling filed the pro se petition for writ of quo warranto that initiated this case. The subject matter of that petition was the decision of the KPRB to revoke his parole following a March 12, 2013, hearing. The gist of Walling's complaint in that and subsequent filings was that the KPRB failed to consider the proportionality of the time Walling has served on indeterminate sentences for crimes he committed in 1984 to the length of the determinate sentence he would have received had he committed his crimes after the 1993 enactment of the Kansas Sentencing Guidelines Act (KSGA). Walling apparently believed the KPRB's failure to consider that factor had something to do with the almost 10-year discrepancy between the amount of time he had served in prison and the "257 months" that documents from the Kansas Department of Corrections (KDOC) indicated Walling must serve on his "det[erminate] sentence" for a 2012 theft conviction "aggregate[d] with [his] ind[eterminate]" sentences for his 1984 crimes.

The KPRB moved to dismiss the case. In support, the KPRB argued: (1) Walling lacked standing to bring and failed to state a proper claim for quo warranto relief; (2) even if he had, extraordinary relief in the nature of quo warranto was improper because other relief (habeas corpus) was available; and (3) Walling was procedurally barred from seeking habeas relief under K.S.A. 2015 Supp. 60-1501 because (a) his petition was not timely filed, and (b) even if timely, the doctrine of res judicata applied to bar the issue given Walling's prior habeas actions challenging the KPRB's decision and given Walling's various other habeas actions challenging the same decision.

2

After two venue transfers due to Walling's relocations to different prisons, a judge with the Leavenworth County District Court conducted a hearing, after which it granted the KPRB's motion and dismissed the case. Walling then filed this appeal.

ANALYSIS

Walling identifies two issues in his brief. First, he contends his petition was timely filed. Second, he argues he was entitled to relief on the merits because he was "denied equal protection of the law by the failure of the [KPRB] to apply proportionality and release [him] on parole."

We note in passing that there are major problems with submission of the record in this case. No transcripts of any hearings have been provided. There is no specific citation to the record by either party which complies with the Kansas Supreme Court rules. It is not entirely clear whether Walling is actually seeking relief under the habeas corpus or the quo warranto statutes.

Boiled down to basics, it seems that Walling wants this court to hold he "is entitled to retroactivity and conversion of his sentence to a determinate sentence." Yet the KPRB, against whom Walling filed this lawsuit, has no authority over the conversion of indeterminate sentences to determinate sentences. See *Jones v. Kansas Parole Board*, No. 108,264, 2012 WL 6734664, at *3 (Kan. App. 2012) (unpublished opinion) (stating "[t]he Department of Corrections, district attorney, and sentencing court are involved with [the] conversion process, not the [KPRB]"), *rev. denied* 297 Kan. 1246 (2013).

Though we are substantially hamstrung by these critical procedural obstacles, it is still possible for us to evaluate the summary dismissal of Walling's case. When, as here, an appellate court has the same access to the motion, records, and files as the district court, it conducts de novo review of the summary dismissal of a petition. See, *e.g.*,

3

*Johnson v. State*, 289 Kan. 642, 649, 215 P.3d 575 (2009) (de novo review of summary dismissal of K.S.A. 60-1501 petition); *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007) (de novo review of summary dismissal of K.S.A. 60-1507 motion). In conducting such review, this court must accept Walling's factual allegations as true. See *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005).

Before this court can apply these review standards, we must first determine what law governs Walling's petition. As already detailed above, Walling challenges the KPRB's failure to retroactively apply the proportionality factor when it decided to revoke his parole, which he suggests in his brief violated his equal protection rights. Walling apparently believes that simply because he raises a constitutional issue he can seek quo warranto relief. In support, Walling points out that our Supreme Court has generally recognized that the constitutionality of a statute can be questioned in an original action in quo warranto. *State ex rel. Stephan v. Finney*, 251 Kan. 559, 567, 836 P.2d 1169 (1992). Walling fails to recognize, however, that *Finney* held such constitutional challenges to be allowed only in "'a proper case.'" 251 Kan. at 567 (quoting *State ex rel. Stephan v. Kansas House of Representatives*, 236 Kan. 45, 52, 687 P.2d 622 [1984]).

K.S.A. 60-1202 lists the type of cases in which an action in quo warranto may be brought. Walling's case does not fit any of those categories, and it is certainly not an "extreme case[ ]" in which the "extraordinary remedy" of quo warranto "is the only method available to protect the public." *State, ex rel., v. United Royalty Co.*, 188 Kan. 443, 461, 363 P.2d 397 (1961); see *Kansas House of Representatives*, 236 Kan. at 68-69 (discussing extraordinary nature of quo warranto, which "has been described as 'a demand made by the state upon some individual or corporation to show by what right they exercise some franchise or privilege appertaining to the state which, according to the constitution and laws of the land, they cannot legally exercise except by virtue of grant or authority from the state.' [Citation omitted.] It is 'administered cautiously and in accordance with certain well-defined principles.' [Citation omitted.]").

4

Walling had a more adequate remedy under K.S.A. 2015 Supp. 60-1501 if he believed the KPRB acted illegally with respect to his confinement. Given that fact, we now proceed to consider the grounds advanced by the KPRB in support of its motion to dismiss to determine if summary dismissal was proper.

Walling has briefed only one of the four alternative grounds for dismissal advanced by the KPRB:  the timeliness of his petition. Without a timely filing, this court lacks jurisdiction to consider the merits of a prisoner's constitutional claims. *Corter v. Cline*, 42 Kan. App. 2d 721, 724, 217 P.3d 991 (2009); see *Peters v. Kansas Parole Board*, 22 Kan. App. 2d 175, 180, 915 P.2d 784 (1996) (holding inmate's habeas petition not filed within 30-day statute of limitations was properly dismissed as time barred).

When Walling filed his petition, K.S.A. 2015 Supp. 60-1501(b) set forth a 30-day statute of limitations for filing habeas actions. Walling concedes that he did not file his petition within 30 days of the KPRB's final decision revoking his parole, though he refers to the KPRB's decision as a denial rather than a revocation of parole. Walling suggests, however, that he is "not bound by the 30 day filing limitation" based on the holding in *Tonge v. Simmons*, 27 Kan. App. 2d 1048, 1050, 11 P.3d 77, *rev. denied* 270 Kan. 904 (2000). In that case, several inmates challenged the garnishment of their prison accounts, arguing the garnishments prevented them from obtaining products necessary to maintain personal hygiene and health. The *Tonge* court found that the 30-day time limit did not bar the prisoners' claims because the garnishments were reoccurring. 27 Kan. App. 2d at 1050. Walling has not briefed how the KPRB's distinct act of revoking his parole presents a continuing violation. Thus, he has arguably abandoned that issue. See *State v. Bowen*, 299 Kan. 339, 355, 323 P.3d 853 (2014). Even if he had briefed it, we believe the argument must fail because his cause of action involves a distinct act rather than continuing violation. Thus, *Tonge* is distinguishable and does not save Walling's petition from being time barred.

5

Walling's failure to timely file his petition deprived the district court of jurisdiction to consider whether Walling was entitled to habeas relief under K.S.A. 60-1501 *et seq*. For this reason alone, we find the district court did not err in summarily dismissing the case.

But even if Walling had timely filed his petition, he would not be entitled to relief on the merits of his argument. A key point missed by both parties is that the KPRB was not required to consider the proportionality factor now found in K.S.A. 2015 Supp. 22-3717(h)(2) at the hearing on the *revocation* of Walling's parole. Rather, K.S.A. 2012 Supp. 75-5217(b) and K.A.R. 44-9-502 (2013 Supp.) governed Walling's parole revocation hearing, which our record indicates was based on his new conviction of felony fleeing and eluding. K.A.R. 44-9-502(e) (2013 Supp.) mandates, in pertinent part: "If the violation of the conditions of release . . . results from a conviction for a new felony. . . *the only question considered by the board shall* be whether or not the new conviction warrants revocation." (Emphasis added.)

Whether considered as an action brought under the habeas corpus statute, K.S.A. 2015 Supp. 60-1501, or under the quo warranto provisions of K.S.A. 60-1201 *et seq.*, Walling has failed to show he is entitled to any relief. We therefore hold that the district court properly entered a summary dismissal of Walling's petition.

Affirmed.