NOT DESIGNATED FOR PUBLICATION

No. 118,552

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOSEPH HUGHES,
*Appellant*,

v.

DAN SCHNURR,
*Appellee.*

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed August 3, 2018. Affirmed.

*Wendie C. Miller*, of Kenneth B. Miller, Atty At Law, LLC, of Wichita, for appellant.

*Jon D. Graves*, legal counsel, of Kansas Department of Corrections, for appellee.

Before SCHROEDER, P.J., MALONE, J., and STUTZMAN, S.J.

PER CURIAM: Joseph Hughes appeals the district court's summary dismissal of his K.S.A. 2017 Supp. 60-1501 petition for habeas corpus relief. Hughes sought relief from the decision of the Kansas Department of Corrections (KDOC) to manage him as a sex offender during his imprisonment. The district court found it lacked jurisdiction to consider Hughes' petition because it was not timely filed. We agree and affirm.

FACTS AND PROCEDURAL BACKGROUND

In March 2016, a Shawnee County jury convicted Hughes of attempted second-degree murder, robbery, aggravated burglary, criminal damage to property, aggravated

1

battery, and domestic battery. Hughes also was charged with rape but was acquitted. The district court sentenced him to prison for a controlling term of 27 months, consecutive to a 14-month sentence from another case.

In September 2016, KDOC gave Hughes notice of a due process hearing concerning its plan to manage him as a sex offender based on a prosecutor's affidavit stating that Hughes' actions were sexually motivated and that he had been charged with rape. The affidavit acknowledged Hughes was not convicted of rape. The notice told Hughes he would have the chance to present evidence of mitigating circumstances and could request witnesses for the hearing.

The due process hearing was scheduled for September 30, 2016, at 10 a.m. and Hughes received the notice of hearing on September 28 at 12:35 p.m., less than 48 hours in advance of the scheduled hearing date and time. KDOC procedure called for notice of hearing to be served at least 72 hours in advance of the scheduled hearing and inmates who want to present witnesses are directed to return a witness request form at least 48 hours before the hearing. This timeframe allowed for Hughes to know 24 hours prior to his hearing if his witness request was approved so he could make arrangements to secure the witness' appearance, whether in person, by phone, or by written statement. Hughes asked for his trial attorney as a witness, but the request was denied.

KDOC issued Hughes a letter decision bearing the same date as the due process hearing, informing him that the hearing showed sexual motivation in the case in which he had been charged with rape and he "[would] now be managed as a sex offender." The letter further said he would be evaluated to determine whether sex offender treatment was needed.

The decision stated "[t]his shall be the final decision and no appeal shall be allowed." Notwithstanding that seemingly conclusive declaration, however, the decision

2

further stated Hughes could "seek modification of some or all of the decision through the override process." Hughes did avail himself of that further remedy, as the record contains another letter from KDOC dated February 9, 2017, which acknowledged Hughes had submitted an override request for "full relief from management as a sex offender." The letter stated "[y]our Override request has been denied for full relief."

On August 3, 2017, almost six months after the denial of his override request, Hughes filed a K.S.A. 2017 Supp. 60-1501 petition in the district court, asking for habeas corpus relief. Hughes alleged unlawful restraint based on KDOC's management of him as a sex offender under the Department's Internal Management Policies and Procedures. On August 11, 2017, KDOC responded with a motion to dismiss Hughes' petition as untimely.

Just over two weeks later, the district court heard from the parties on KDOC's motion to dismiss. The district court issued an opinion and order on October 6, 2017, dismissing Hughes' petition. The court found the petition was untimely, filed more than 30 days after Hughes received notice that his request for an override was denied, which deprived the district court of jurisdiction.

Hughes timely appeals.

ANALYSIS

Hughes' appeal is based on his allegation that the district court erred in dismissing his petition. He presents alternative arguments for his claim: (1) The conditions imposed as part of his management as a sex offender recur daily and are ongoing; and (2) if the first argument is rejected, the petition still must be considered on the merits to prevent manifest injustice.

3

*Standard of review*

"To avoid summary dismissal of a K.S.A. 60-1501 petition, the petitioner's allegations must be of shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009).

> "Summary dismissal is appropriate if, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists." 289 Kan. at 648-49.

In general, we review a district court's decision on a K.S.A. 60-1501 petition to determine whether the district court's factual findings are supported by substantial competent evidence and are sufficient to support the court's conclusions of law. The district court's conclusions of law are subject to de novo review. *Rice v. State*, 278 Kan. 309, 320, 95 P.3d 994 (2004).

*Ongoing conditions*

A K.S.A. 60-1501 petition must be filed within 30 days from the date the action complained of became final, but that time can be tolled during the pendency of timely efforts to exhaust administrative remedies. K.S.A. 2017 Supp. 60-1501(b). Hughes claims he exhausted his administrative remedies through the classification due process hearing and his unsuccessful petition for override. There is nothing in the record or attached to Hughes' petition showing any further administrative procedure that might toll the K.S.A. 2017 Supp. 60-1501(b) 30-day filing requirement. Since nearly six months passed between notice to Hughes that his override request was denied and the filing of his petition, it was, on its face, untimely.

Hughes contends, however, that the 30-day time limitation for filing his petition does not apply to him "because [he] challenges both the classification [as a sex offender] and the resulting conditions of his management which are ongoing." Hughes argues that being managed as a sex offender after being acquitted of rape amounts to a second prosecution and a second punishment for the same offense. This court has previously considered the theory Hughes presents.

On strongly similar facts, in *Litzinger v. Bruce*, 41 Kan. App. 2d 9, Syl. ¶ 5, 201 P.3d 707 (2008), this court rejected the argument that the ongoing conditions of confinement while classified as a sex offender rendered the 30-day time limitation for filing a K.S.A. 60-1501 petition inapplicable. Like Hughes, Litzinger was charged with rape but was not convicted. As with Hughes, KDOC classified Litzinger for management as a sex offender. Litzinger also sought an override of the classification decision, which KDOC denied. Unlike Hughes, almost 18 months later Litzinger filed a grievance with KDOC, contesting his sex offender classification. In less than a month, that grievance was denied by KDOC at every level through the Secretary. Then, over two months after the end of the grievance process, Litzinger filed a K.S.A. 60-1501 petition with the district court. Litzinger's petition, like Hughes', was dismissed as untimely. 41 Kan. App. 2d at 10.

Hughes attempts to distinguish his case from *Litzinger*, arguing Litzinger initially challenged only his classification and only referenced possible constitutional claims in his petition. Hughes argues:

"The only references in Litzinger's petition to possible constitutional claims was his reference to double jeopardy, denial of equal protection of the law, the reckless disregard of some unspecified federal civil rights, and cruel and unusual punishment, all of which appeared to relate to the initial decision to classify and manage Litzinger as a sex offender."

Hughes asserts a difference in his case, maintaining he "alleged his double jeopardy claim, and set forth ongoing conditions which constitute the violation."

We are not persuaded the claimed distinction exists. The court in *Litzinger* found the litany of possible constitutional claims raised by Litzinger in his petition—including double jeopardy, which Hughes argues here—appeared to relate to the initial decision to classify and manage him as a sex offender. 41 Kan. App. 2d at 13. Hughes may have better specified the conditions of confinement he claims are punitive, but as in *Litzinger* the conditions nonetheless all flow from the administrative decision to classify him as a sex offender under the Internal Management Policies and Procedures. That decision was made on September 30, 2016, and Hughes' administrative request for an override was denied on February 9, 2017. Whether further administrative relief could have been pursued, Hughes did not do so, and he waited until August 3, 2017, to file his K.S.A. 2017 Supp. 60-1501 petition.

The court in *Litzinger* concluded: "The gravamen of Litzinger's suit is that he was wrongfully classified as a sex offender." 41 Kan. App. 2d at 14. We likewise conclude that the conditions Hughes claims exempt him from the 30-day filing requirement are simply the consequence of his essential claim—that he was misclassified as a sex offender. The 30-day period for him to seek relief under K.S.A. 2017 Supp. 60-1501 ended months before he filed his petition, which the district judge correctly dismissed.

*Manifest injustice*

Hughes next argues that if the 30-day time limit in K.S.A. 2017 Supp. 60-1501(b) applies to him, the failure to consider his petition would result in manifest injustice. He relies on K.S.A. 2017 Supp. 60-1507(f)(2), which states: "The time limitation herein may be extended by the court only to prevent a manifest injustice." Hughes claims error by the

district court in failing to consider whether his petition should be heard, despite his untimely filing, to prevent manifest injustice.

The statutes in Article 15 of Chapter 60—K.S.A. 60-1501 et seq.—govern habeas corpus relief in this state. K.S.A. 2017 Supp. 60-1501 describes the general right to file a petition for the writ, the time within which it must be filed, and the separate conditions that apply to those confined in the program for sexually violent predators. K.S.A. 2017 Supp. 60-1507(a) addresses a specific category of claims made by:

"A prisoner in custody under sentence of a court of general jurisdiction claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the state of Kansas, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

"The distinction between K.S.A. 60-1501 and K.S.A. 60-1507 has generally been held to be that a 1507 motion is a procedure by which a prisoner may challenge his or her conviction or sentence, while a 1501 petition is a procedural means through which a prisoner may challenge the mode or conditions of his or her confinement, including administrative actions of the penal institution. A 1507 petition is properly filed in the sentencing court, while a 1501 petition is properly filed in the county of confinement. [Citations omitted.]" *Safarik v. Bruce*, 20 Kan. App. 2d 61, 66-67, 883 P.2d 1211.

Prisoners may seek habeas corpus relief by filing a petition under K.S.A. 2017 Supp. 60-1501 if they are contesting their conditions of confinement, as was the case with Hughes. If a prisoner in custody wants to attack his or her sentence or conviction, K.S.A. 2017 Supp. 60-1507 lays out a separate procedure. Hughes devotes little attention to explaining why the manifest injustice subsection, found within the procedures for those attacking their sentences and convictions, should apply to his petition which clearly contests the conditions of his confinement. Hughes only offers a reference to *Griffin v.*

7

*Bruffett*, 53 Kan. App. 2d 589, 389 P.3d 992 (2017). Because Griffin was involuntarily confined as a sexually violent predator, his petition was subject to a specific provision for that class of petitioners, K.S.A. 2017 Supp. 60-1501(c). Hughes does not share Griffin's status and his time to file is controlled by K.S.A. 2017 Supp. 60-1501(b).

Both K.S.A. 2017 Supp. 60-1501(b) and (c) are prefaced: "Except as provided in K.S.A. 60-1507," pointing to the separate provisions in 60-1507 that control when a movant files a more specific habeas corpus claim attacking either the prisoner's sentence or conviction. But Hughes did not file his petition under 60-1507 and he makes no collateral attack on either his conviction or sentence. The manifest injustice provision of 60-1507(f) does not apply to him. The provisions of the time limitation in 60-1507 demonstrate the inapplicability to Hughes' petition. K.S.A. 2017 Supp. 60-1507(f)(1)(A) requires that a motion be filed within one year from the final order "of the last appellate court in this state to exercise jurisdiction on a direct appeal." Additionally, a colorable claim of actual innocence requires a showing it is "more likely than not that no reasonable juror would have convicted [him] in light of new evidence." K.S.A. 2017 Supp. 60-1507(f)(2)(A). Hughes seeks to benefit from a provision that clearly was never intended to apply to a petition making the claims he presents. Manifest injustice is not an avenue available to cure Hughes' untimely filing.

We find no error in the district court's summary dismissal of Hughes' petition for untimely filing. The fact Hughes filed his petition more than 30 days after his administrative remedies ended is not seriously in issue. Hughes was not exempted from the filing limitation because of ongoing conditions and the manifest injustice exception in K.S.A. 2017 Supp. 60-1507(f)(2) is inapplicable to his petition.

Affirmed.