**Leonard KNIGHT, Plaintiff,**

v.

**Steven J. DAVIES, et al., Defendants.**

**No. 90–3414–S.**

United States District Court,
D. Kansas.

Sept. 17, 1992.

Leonard Knight, pro se.

Martha M. Snyder, Office of the Atty. Gen., Topeka, Kan., Christopher F. Pickering, Shughart, Thomson & Kilroy, Overland Park, Kan., Gregory N. Pottorff, Turner & Boisseau, Chartered, Overland Park, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

Plaintiff proceeds pro se and in forma pauperis on a complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff complains of the medical treatment he received for an eye condition, and seeks damages for alleged violations of the eighth amendment. Plaintiff names numerous defendants, which the court finds can be separated into two broad categories. There are defendants employed by Correctional Medical Systems (CMS), a contract medical services provider at Lansing Correctional Facility (LCF) in Lansing, Kansas. The remaining defendants are state employees working for the Department of Corrections for the State of Kansas.

The CMS defendants filed a common motion for judgment on the pleadings, or in the alternative, for summary judgment (Doc. 32). In response, plaintiff filed a response which the court construed as an objection to the motion and as plaintiff's cross motion for summary judgment

against these defendants. Having reviewed the record, the court finds the CMS defendants are entitled to summary judgment.

In March 1989, plaintiff sought medical attention for his right eye which was red and painful. The record clearly sets forth the extent of the medical care provided to plaintiff for his eye condition. The court finds no serious factual controversy exists over the care provided. Instead, the court finds the issue presented is whether the record demonstrates, as a matter of law, that the medical care provided constituted a constitutional deprivation.

Plaintiff complains that the response of prison officials and prison medical personnel was delayed and inadequate, and that a medical opinion by an outside consultant was ignored.[1] He complains of the delay in sending him to the Kansas University Medical Center for an outside medical evaluation, and that prescribed medication was not readily available or dispensed. Plaintiff argues the delayed medical care and inadequate medical care provided by prison medical staff constituted deliberate indifference to his serious medical needs. The court does not agree.

■ Deliberate indifference to serious medical needs of a prisoner constitutes unnecessary and wanton infliction of pain under the eighth amendment. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). *See Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir.1980) (two prong test for (1) deliberate indifference and (2) serious medical need), *cert. denied* 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981). Denial of care must be continuing, unsupported by a competent, recognized school of practice, and must equal a denial of needed treatment. *Med-*

*calf v. State of Kansas*, 626 F.Supp. 1179, 1182 (D.Kan.1986).

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). Although the court must resolve all factual disputes and draw all inferences in favor of the nonmoving party, *Reazin v. Blue Cross & Blue Shield*, 899 F.2d 951, 979 (10th Cir.), *cert. denied*, 497 U.S. 1005, 110 S.Ct. 3241, 111 L.Ed.2d 752 (1990), a party opposing a motion for summary judgment may not rest on mere allegations or denials to demonstrate that there is a genuine issue of material fact for trial, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

■ In the present case, the court assumes plaintiff's eye condition presented a serious medical need. However, the court finds no support in the record for finding any deliberate indifference in the treatment of plaintiff's medical condition. Plaintiff received prompt and continuous medical attention and care for his eye condition, including evaluation and treatment by specialized medical personnel outside the prison. The timeliness and adequacy of the medical care that was provided clearly did not satisfy plaintiff, but that is not the measure to be applied in assessing whether error of constitutional dimension occurred. At most, the court finds plaintiff's claims regarding delay and deprivation of medical treatment may give rise to a state action in tort for malpractice or negligence, but it is clear the claims do not rise to the level of a federal constitutional violation. It is well recognized that a simple difference of opinion between an inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional viola-

---

1. The court specifically notes that plaintiff's allegations regarding medical information being ignored or disregarded has little bearing on plaintiff's claim regarding the medical care provided by defendants. Plaintiff claims a consulting physician indicated that the new medication being prescribed could interfere with drug urine testing, and that plaintiff should not be so tested while on the medication. Prison officials checked with the prison physician, who indicated the new medication would not give a false positive result. Consequently, plaintiff was subjected to drug urine testing, and such testing produced a positive response. There is no allegation that the drug urine testing caused any medical reaction or complication in plaintiff's eye condition, or that it interfered with plaintiff's medical care.

tion. *Ledoux v. Davies,* 961 F.2d 1536 (10th Cir.1992).

The court further evaluates the sufficiency of plaintiff's complaint against the remaining state defendants. Having reviewed the answer and *Martinez* report submitted by these remaining defendants, as well as plaintiff's response to these pleadings, the court finds dismissal of the complaint is warranted under 28 U.S.C. § 1915 because it is clear these defendants are immune from all claims for damages. *See Taylor v. Wallace,* 931 F.2d 698, 700 n. 3 (10th Cir.1991) (*Martinez* report can be used to evaluate claim for purposes of dismissal under 1915(d)), *citing El' Amin v. Pearce,* 750 F.2d 829, 832 (10th Cir.1984) *and Nordgren v. Hayward,* 638 F.2d 224, 226 (10th Cir.1981).

Plaintiff's claims against these defendants in their official capacity are barred by the eleventh amendment. *See Kentucky v. Graham,* 473 U.S. 159, 169, 105 S.Ct. 3099, 3107, 87 L.Ed.2d 114 (1985). Further, given the above discussion regarding plaintiff's failure to establish any deliberate disregard of plaintiff's medical condition, to any extent plaintiff seeks to recover damages against the remaining state defendants in their individual capacities, the court finds these defendants are entitled to qualified immunity. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982) (government official immune from liability if conduct alleged in the complaint did not violate "clearly established, statutory or constitutional rights of which a reasonable person would have known"). Finding the defense of immunity is complete and obvious, the court finds the complaint is legally frivolous and should be dismissed. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

IT IS THEREFORE ORDERED that CMS defendants' motion for summary judgment (Doc. 32) is granted.

IT IS FURTHER ORDERED that the complaint against the remaining defendants is dismissed.

The clerk of the court is directed to transmit copies of this order to the parties and to the Office of the Attorney General for the State of Kansas.