(48 P.3d 1278)

No. 87,483

CHRIS DARNELL, *Appellant*, v. CHARLES SIMMONS, *et al.*,
*Appellees.*

Opinion filed June 21, 2002.

*Chris Darnell*, appellant pro se.

*Kenneth R. Smith*, special assistant attorney general, for the appellees.

Before GERNON, P.J., PIERRON, J., and KNUDSON, S.J.

PIERRON, J: Chris Darnell appeals the district court's dismissal of his petition for writ of habeas corpus. Darnell contends he has received insufficient medical treatment in violation of his Eighth Amendment right to be free from cruel and unusual punishment. We affirm.

The facts in this case are for the most part undisputed. Darnell is an inmate at the Lansing Correctional Facility (Lansing). He complains that he suffers from three medical conditions: (1) a lump on the side of his abdomen, which causes great pain; (2) bleeding in his stool when he defecates; and (3) ongoing stomach pain and problems.

Darnell has received regular medical diagnosis and treatment for these aliments from the staff at Prison Health Services (PHS)—the contract medical provider for Lansing. He has filed multiple grievances against medical personnel beginning in 1998. In 2000, Darnell filed a petition for writ of habeas corpus pursuant to K.S.A. 60-1501, arguing the medical providers had failed to cure his affliction in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

The district court appointed counsel for Darnell and held a full evidentiary hearing on the 60-1501 petition. Darnell testified extensively concerning his medical problems, the alleged failure of prescribed treatments to cure the problems, the alleged unprofessional conduct of medical personnel, and how his problems have allegedly worsened. The court took the matter under advisement and received proposed findings of facts and conclusions of law from both parties.

In denying the petition, the district court found Darnell's medical need was sufficiently serious but that the conduct of medical

personnel did not constitute a deliberate indifference to his medical needs as protected by the Eighth Amendment. The court found Darnell had received regular medical treatment from three doctors and two physician assistants. The court concluded Darnell's allegations of delay or failure to provide treatment were nothing more than his general disagreement with the course of treatment.

Darnell argues the district court erred in dismissing his claim of cruel and unusual punishment for lack of medical treatment in violation of his rights under the Eighth Amendment. Darnell asserted his claims against the Secretary of Corrections (SOC), the warden at Lansing, and the individual physicians from PHS who provided care and treatment.

The standard of review for a K.S.A. 60-1507 appeal is whether the factual findings of the district court are supported by substantial competent evidence and whether those findings are sufficient to support its conclusions of law. *Taylor v. State*, 252 Kan. 98, 103, 843 P.2d 682 (1992). This same standard of review applies to petitions filed pursuant to 60-1501. Substantial evidence is such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion. *State v. Wonders*, 263 Kan. 582, 589, 952 P.2d 1351 (1998). Our review of conclusions of law is unlimited. *Rice v. State*, 20 Kan. App. 2d 710, 711, 893 P.2d 252, *rev. denied* 257 Kan. 1093 (1995).

In Kansas, an incarcerated person retains rights to adequate medical care and treatment. *Levier v. State*, 209 Kan. 442, 448, 497 P.2d 265 (1972). These rights derive both from federal constitutional sources and Kansas constitutional and statutory mandates. 209 Kan. at 445-448. The Eighth Amendment to the United States Constitution forbids the infliction of cruel and unusual punishments. Similar prohibitions are found in Section 9 of the Kansas Constitution Bill of Rights. Habeas corpus is the appropriate remedy for a prisoner to allege being deprived of adequate medical care and treatment. 209 Kan. at 449.

Deliberate indifference to the serious medical needs of a prisoner is the measure by which violations of the Eighth Amendment are examined. Deliberate indifference to the serious medical needs of prisoners occurs by the unnecessary and wanton infliction of

pain. *Estelle v. Gamble*, 429 U.S. 97, 104, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976). "Deliberate indifference to serious medical needs is shown when prison officials have prevented an inmate from receiving recommended treatment or when an inmate is denied access to medical personnel capable of evaluating the need for treatment. [Citations omitted.]" *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980), *cert. denied* 450 U.S. 1041 (1981).

Deliberate indifference involves both an objective and a subjective component. The objective component is met if the deprivation is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 128 L. Ed. 2d 84, 114 S. Ct. 1970 (1994). A medical need is sufficiently serious "if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.' [Citation omitted.]" *Ramos*, 639 F.2d at 575. The subjective component is met if a prison official "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

A Kansas federal district court used the phrases "callous inattention," "reckless disregard," and "gross negligence" to describe deliberate indifference. *Medcalf v. State of Kan.*, 626 F. Supp. 1179, 1190 (D. Kan. 1986). The Kansas Court of Appeals discussed the meaning of deliberate indifference in *Cupples v. State*, 18 Kan. App. 2d 864, 861 P.2d 1360 (1993). The court defined deliberate indifference as more than ordinary negligence but less than express intent to harm or maliciousness. 18 Kan. App. 2d at 869 (quoting *Berry v. City of Muskogee*, 900 F.2d 1489, 1495 [10th Cir. 1990]).

In the present case, we find no error in the district court's objective finding that the medical complaints expressed by Darnell presented a serious medical need. As for the subjective examination in the *Estelle* test, we also agree with the district court that there is no evidence to support a finding of any deliberate indifference in the treatment of Darnell's medical conditions. The record is replete with evidence that Darnell received prompt and continuous medical attention and care for his lump, stomach pains, and bloody stool.

Darnell claims he has not received a diagnosis or any treatment for the lump on the right side of his abdomen. We disagree. The

testimony indicates three different doctors examined the lump and each said it was nothing to worry about.

Darnell also complains about stomach pain. In his treatment, Darnell received an abdominal sonogram, and the radiologist said the results of the exam were normal. Darnell has been and continues to take his prescribed medication, Zantac, for his stomach conditions. He testified the Zantac helps his stomach condition.

It seems Darnell's major complaint is that Dr. Houng of PHS had recommended on three or four occasions that Darnell be examined by an outside expert and that he be allowed a colonoscopy to diagnose and treat the problem concerning his bloody stools. A colonoscopy is not a procedure offered by PHS, and Darnell would need to be transported to an outside medical center for the procedure.

A difference of opinion between the prisoner and the medical staff of a prison regarding medical treatment that the prisoner receives does not support a claim of cruel and unusual punishment. *Johnson v. Stephan*, 6 F.3d 691, 692 (10th Cir. 1993) (affirming dismissal of claim that leg stocking designed to improve circulation was improper treatment for leg cramps); *Ramos*, 639 F.2d at 575; *Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976). Similarly, the *Estelle* Court noted: "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment." 429 U.S. at 107.

In *Knight v. Davies*, 804 F. Supp. 182 (D. Kan. 1992), the United States District Court for the District of Kansas addressed a claim of inadequate medical care brought against the Lansing Correctional Facility and its contracted health care provider. The inmate disagreed with the prison's treatment of an eye ailment. The court stated the deliberate indifference standard does not encompass those cases where the medical opinion of prison officials differs from that of an inmate. 804 F. Supp. at 184. Medical evidence must support an inmate's contrary, independent opinion. *Medcalf v. State of Kan.*, 626 F. Supp. at 1190. Even when the conduct an inmate alleges may constitute civil medical malpractice, the standard of deliberate indifference may not be satisfied. 804 F. Supp. at 184.

In finding no constitutional violation in this case, we rely heavily on the fact that Darnell's case was reviewed by a Kansas Department of Corrections Health Care Contract Consultant. The consultant found the care and treatment made available and afforded Darnell is consistent with prevailing community standards. Further, the Associate Ombudsman in the Office of the Ombudsman for Corrections, who reviewed the case, stated:

"I checked with the clinic regarding your on-going stomach problems and found that your case is being closely followed by clinical staff. There is no indication that your needs are being ignored or not taken seriously. Unfortunately, laboratory testing does not substantiate your physical complaints. Therefore, it is difficult to justify sending you to a specialist based on little more than your verbal accounts and a negative testing. There is no indication that your life is in danger. Clinical staff have been professional in its dealings with your complaints. At this point, I can only recommend that you continue to access the clinic whenever the symptoms of your complaints begin to manifest themselves. Only then can you hope to establish appropriate documentation of the complaints through observation by clinic staff."

The timeliness and adequacy of the medical care that was provided clearly did not satisfy Darnell, but that is not the measure to be applied in assessing whether an error of constitutional dimension has occurred. In June 2000, Darnell was examined by a board certified doctor of internal medicine who found that Darnell had no physical findings that would indicate the need for more testing. It is well recognized that a simple difference of opinion between an inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation.

In order to state a cognizable claim, Darnell must allege acts or omissions sufficiently harmful to evidence deliberate indifference to his serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. See *Estelle*, 429 U.S. at 102, 106. We do not find Darnell has established such a claim. If the State furnishes its prisoners with reasonably adequate food, clothing, shelter, sanitation, medical care, and personal safety so as to avoid the imposition of cruel and unusual punishment, it generally meets its obligations under the Eighth Amendment.

Affirmed.