(94 P.3d 734)
No. 91,678

IN THE MATTER OF THE PETITION OF S.J.K. ON HABEAS CORPUS,
A CHILD UNDER THE AGE OF 18 YEARS, TO-WIT, DOB: 06/
17/1986.

Opinion filed July 30, 2004.

*Juanita M. Carlson*, of Carlson Law Office, P.A., of Lawrence, for appellant.

*Bethany C. Daniels*, assistant district attorney, *Christine E. Kenney*, district attorney, and *Phill Kline*, attorney general, for appellee.

Before RULON, C.J., GREEN and MARQUARDT, JJ.

RULON, C.J.: S.J.K. appeals from the district court's denial of his K.S.A. 2003 Supp. 60-1501 petition. We affirm.

On May 22, 2001, S.J.K. was adjudicated a juvenile offender for having committed burglary, which would be a level 7 nonperson felony if he were an adult. On August 31, 2001, he was placed on probation for 12 months pursuant to K.S.A. 38-1663(1). On October 11, 2001, S.J.K. was found to be in violation of his probation and was placed on order of assignment with Douglas County Youth Services (DCYS) for an unspecified period of time. The order included 20 conditions that S.J.K. was to follow and successfully complete or face an out-of-home placement.

On multiple occasions, S.J.K. was found to be in violation of his order of assignment and was given sanctions. On May 22, 2002, S.J.K. was found to be in violation of his order of assignment and was placed on order of assignment with DCYS on house arrest with electronic monitoring until "the ISP Officer feels the Respondent can be trusted."

On March 26, 2003, S.J.K. was ordered detained pending a violations hearing. On April 9, 2003, S.J.K. was placed in the custody of the Juvenile Justice Authority for out-of-home placement. As a

result, S.J.K. was placed at Keys Youth Services, Olathe Boys Home.

S.J.K. filed a K.S.A. 2003 Supp. 60-1501 petition on July 1, 2003. S.J.K. alleged that he was illegally detained pursuant to the underlying juvenile offender case. The district court denied the petition, finding there was nothing illegal in the detention order and that S.J.K.'s claims were without merit. The court found that when ordered to youth services, the juvenile offenders participate until they successfully complete the program.

In determining whether the district court's interpretation of a statute was erroneous, the standard of review is unlimited. *Cooper v. Werholtz*, 277 Kan. 250, 252, 83 P.3d 1212 (2004). "Additionally, in cases involving habeas corpus relief pursuant to K.S.A. 2002 Supp. 60-1501, an appellate court's review of the district court's conclusions of law is unlimited. *Darnell v. Simmons*, 30 Kan. App. 2d 778, 780, 48 P.3d 1278 (2002)." 277 Kan. at 252.

It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be determined. When a statute is plain and ambiguous, the appellate courts will not speculate as to the legislative intent and will not read the statute so as to add something not readily found in it. 277 Kan. at 252-53.

S.J.K. argues that the district court erred in dismissing his K.S.A. 2003 Supp. 60-1501 action because he is being illegally detained in a probation status without an extension of his probation. S.J.K. asserts his original 12-month probation expired August 31, 2002, and the court was without jurisdiction to order him detained after that date.

S.J.K.'s main argument is with the court's jurisdiction to order him detained on March 26, 2003. The issue is whether S.J.K. was on probation status pursuant to K.S.A. 38-1663(a)(1) or whether he was committed to a community based program pursuant to K.S.A. 38-1663(a)(6). K.S.A. 38-1666 governs how the court should proceed if there is found to be a violation of probation. K.S.A. 38-1666 states that "[i]f the court finds at the hearing that the juvenile offender violated a condition of probation or placement, the court may extend or modify the terms of probation or placement or enter

another sentence." See *In re C.A.D.*, 11 Kan. App. 2d 13, 15, 711 P.2d 1336 (1985).

The record indicates that S.J.K. was found to be in violation of his probation on October 11, 2001, and he was placed in a community based program pursuant to K.S.A. 38-1663(a)(6) at this time. Although not specifically stated in the journal entry, the original period of probation was revoked. No specific time frame for the new placement was given. S.J.K. argues that because the adult criminal code has specific time frames, the juvenile system should likewise.

"The primary goal of the juvenile justice code is to promote public safety, hold juvenile offenders accountable for such juvenile's behavior and improve the ability of juveniles to live more productively and responsibly in the community." K.S.A. 38-1601. K.S.A. 38-1663 contains numerous options that the court may select to sentence a juvenile offender. Two of the options are explicitly limited in time, while the other options do not have explicit time frames identified. In this case, the district court noted that juveniles were sentenced to the community based program with the intent that they complete the program, rather than for a specific length of time. The juvenile justice code focuses on accountability and rehabilitation while the adult code focuses on accountability and punishment. See K.S.A. 38-1601. K.S.A. 38-1663(a)(6) allows the court to commit the juvenile to a community based program "subject to the terms and conditions the court orders."

Although S.J.K. argues the court no longer had jurisdiction after the original order of probation expired on August 31, 2002, the end date of the original probation order is a moot point because he was resentenced and placed on an order of assignment with DCYS on October 11, 2001. Until S.J.K. successfully completed the program, he was subject to the jurisdiction of the court. Because S.J.K. had not yet successfully completed the program pursuant to K.S.A. 38-1663(a)(6), he was still subject to the jurisdiction of the court at the detention hearing on March 26, 2003. The district court properly dismissed the K.S.A. 2003 Supp. 60-1501 petition.

Affirmed.