NOT DESIGNATED FOR PUBLICATION

No. 118,331

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DANIEL MACIAS,
*Appellant*,

v.

JOE NORWOOD,
KANSAS DEPARTMENT OF CORRECTIONS SECRETARY,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed March 23, 2018. Affirmed.

*Rhonda K. Levinson*, of Perry and Trent, L.L.C., of Bonner Springs, for appellant.

*Sherri Price*, legal counsel, of Lansing Correctional Facility, and *Roger W. Slead*, of Horn, Aylawd & Bandy, LLC, of Kansas City, Missouri, for appellee.

Before BRUNS, P.J., PIERRON and POWELL, JJ.

PER CURIAM: Daniel Macias appeals from the district court's K.S.A. 2016 Supp. 60-212(b)(6) dismissal for failure to state a claim of his K.S.A. 2016 Supp. 60-1501 petition. Macias contends that the Lansing Correctional Facility acted with deliberate indifference towards him in providing care and treatment for abdominal pain that he has evidently experienced for a number of years. Specifically, he seeks additional medical testing in addition to that already provided in order to diagnose the cause of his ailments. Based on our review of the record on appeal, we do not find that Macias has alleged in

1

his petition shocking and intolerable conduct or continuing mistreatment of a constitutional stature. Thus, we affirm.

FACTS

Macias is an inmate at the Lansing Correctional Facility. According to the factual statement that he submitted as part of his K.S.A. 60-1501 petition, Macias began having abdominal pain and irregular bowel movements in 2004. Health care providers in the prison clinic saw him on multiple occasions over the course of several years. In an effort to diagnosis a medical reason for his complaints, Macias was sent to the University of Kansas Hospital for a CT scan. On May 28, 2014, medical staff at University of Kansas Hospital medical staff evidently diagnosed Macias with inflammation of the pancreas or pancreatitis.

After he lost a significant amount of weight in early 2015, a doctor in the prison clinic arranged to have Macias taken to Providence Medical Center in Kansas City. The hospital admitted him for three days while medical staff performed a battery of medical tests in an attempt to determine the cause of his abdominal pain and weight loss.

The testing performed at Providence Medical Center included a CT scan of the abdomen, an esophagogastroduodenoscopy (EGD), a colonoscopy, and a complete blood work-up. The medical testing evidently revealed kidney stones, erosion of the lower third of the esophagus, and a few blood tests above the normal ranges. It appears that Macias was prescribed Dicyclomine, which is normally used to treat irritable bowel syndrome. However, Macias asserts that it did not help his condition. After returning to Lansing, the prison clinic health care providers regularly saw to his treatment.

Subsequently, the prison clinic set up an appointment for Macias with the University of Kansas Hospital in Kansas City. While there, Macias underwent a "capsule

2

test" to attempt to diagnosis the cause of his abdominal pain. In addition, an electronic scan of Macias' abdomen was conducted, as well as other testing. Evidently, the testing did not reveal any evidence of acute or chronic pancreatitis. However, the testing did reveal two small kidney stones, which the medical staff recommended that Macias see a urologist to treat. Furthermore, the medical staff suggested that he undergo a TB and stool fat test. Finally, in a letter dated April 20, 2016, Dr. John Sun, of the University of Kansas Hospital, informed Macias that the CT tests revealed "a normal pancreas without findings of chronic pancreatitis."

On November 4, 2016, Macias filed a health services request form with the prison clinic requesting that the prison send him to an unspecified specialist. He also requested medication for his abdominal pain. After the prison clinic denied his requests, Macias filed a grievance with the Lansing Correctional Facility. On January 3, 2017, the prison clinical staff noted that Macias' case had been considered by the "regional medical staff" and that it had been determined that his condition did not warrant seeing a specialist at that time. As a result, prison officials denied his grievance.

Macias appealed the denial of his grievance to the Kansas Secretary of Corrections. On February 16, 2017, the Kansas Secretary of Corrections—through his designee, Doug Burris—denied the appeal. However, Burris did pass on recommendations to prison medical staff to place Macias on a high fiber diet to help assist with his bowel movements.

On March 23, 2017, Macias filed his K.S.A. 2016 Supp. 60-1501 petition for a writ of habeas corpus. In his petition, Macias alleged that he had a serious medical condition and that the prison medical staff had refused to perform a stool fat test on his bowel movements and refused to perform a second colonoscopy. In support of his motion, Macias stated that he "wishes for the [prison] to take steps to eliminate his colon as the source of [his] problems, order the additional testing as requested by KU, figure

3

out why his triglycerides are so high[,] perform either an ERCP or MRCP and not another CT scan, quit prescribing fiber pills as they are not effective on his condition, investigate the kidney stones and gallbladder to make sure they are not causing this problem, and eliminate the pancreas as the source of problems or treat it." On April 19, 2017, the district court appointed Macias an attorney to represent him through the proceedings.

On May 25, 2017, the State filed a motion to dismiss Macias' petition for failure to state a claim pursuant to K.S.A. 2016 Supp. 60-212(b)(6). In support of its motion, the State argued that Macias failed to demonstrate that the prison was deliberately indifferent to his medical condition. The State further argued that a dispute over Macias' diagnosis and over the direction of his treatment did not rise to the level of a constitutional violation.

The district court held a hearing on August 22, 2017, at which Macias appeared in person and by counsel. After considering the arguments of the parties and reviewing the K.S.A. 60-1501 petition as well as the documentation offered in support of the petition, the district court granted the State's motion to dismiss. The same day, after a brief recess, the district court denied a motion to reconsider filed by Macias.

Finally, in a memorandum decision filed on September 19, 2017, the district court stated:

"While the Petitioner may be disappointed with the elusive nature of a definitive diagnosis or an effective treatment plan for his medical conditions, neither the disappointment nor the chronic nature of the pain and symptoms suffered . . . are due to deliberate indifference to his serious medical needs by the KDOC and its healthcare provider. In fact, on the face of the Petition and the documents attached by Mr. Macias in support of his asserted claim, it is instead apparent that the KDOC has gone to great lengths to find a diagnosis, provide relief of symptoms utilizing various treatment plans, and continues to monitor and attempt to address the Petitioner's symptoms.

4

Unfortunately, neither medicine nor the KDOC can guarantee a cure to all symptoms suffered by Mr. Macias."

ANALYSIS

On appeal, Macias contends that the district court erred by dismissing his K.S.A. 2016 Supp. 60-1501 habeas corpus petition. He argues that his petition alleged facts that are sufficient to show the State's deliberate indifference to his medical needs. In response, the State contends that Macias' petition fails to allege "shocking and intolerable conduct" or "continuing mistreatment" in violation of the Constitution. Rather, the State argues— and the district court determined—that the petition and the attached documents show that the prison clinic has sent Macias to two different hospitals in an attempt to find a medical diagnosis, has attempted to provide Macias relief for his symptoms, and has continued to provide him with care and treatment.

To state a claim for relief under K.S.A. 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). "[I]f, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from incontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. *Johnson*, 289 Kan. at 648-49; see K.S.A. 2016 Supp. 60-1503(a). In considering a motion to dismiss for failure to state a claim for relief under K.S.A. 2016 Supp. 60-212(b)(6), a court must accept the plaintiff's description of that which occurred, along with any inferences reasonably drawn therefrom. See *Ripley v. Tolbert*, 260 Kan. 491, Syl. ¶¶ 1-2, 921 P.2d 1210 (1996). On appeal, we exercise unlimited review of a summary dismissal. *Johnson*, 289 Kan. at 649.

The Eighth Amendment to the United States Constitution and Section 9 of the Kansas Constitution Bill of Rights both prohibit cruel and unusual punishment. These

5

constitutional guarantees include the right of prison inmates to receive adequate medical care and treatment. *Levier v. State*, 209 Kan. 442, 445, 448, 497 P.2d 265 (1972). Accordingly, an inmate who has not received adequate medical care can raise the issue in a K.S.A. 60-1501 petition. 209 Kan. at 449; *Darnell v. Simmons*, 30 Kan. App. 2d 778, 780, 48 P.3d 1278 (2002). However, an inmate's Eighth Amendment right to be free from cruel and unusual punishment is not implicated unless prison officials show a deliberate indifference to an inmate's serious medical need that causes an unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); *Roe v. Elyea*, 631 F.3d 843, 856-57 (7th Cir. 2011).

To establish an Eighth Amendment violation in these circumstances, the inmate must show two things. First, the inmate must show that his or her medical need is "'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 84 (1994); *Darnell*, 30 Kan. App. 2d at 781. This element requires the inmate to show that a health care provider has diagnosed and prescribed treatment for the medical need or that the need is obvious enough for a layperson to recognize that medical attention is required. *Farmer*, 511 U.S. at 834; *Darnell*, 30 Kan. App. 2d at 781. Second, the inmate must show that a prison official was deliberately indifferent to that serious medical need.

In other words, to establish a claim of cruel and unusual punishment, a prison official must know about the serious health problem and deliberately disregard the risk to the inmate's health or safety. *Farmer*, 511 U.S. at 837; *Darnell*, 30 Kan. App. 2d at 781. Accordingly, an inmate must show something more than ordinary negligence. However, the inmate is not required to show intentional harm. *Farmer*, 511 U.S. at 835-36; *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980); *Darnell*, 30 Kan. App. 2d at 781 (citing *Cupples v. State*, 18 Kan. App. 2d 864, 869, 861 P.2d 1360 [1993]); see *Estelle*, 429 U.S. at 105-06. Moreover, a mere difference of opinion between an inmate and the medical staff of a prison regarding a medical diagnosis or treatment is not sufficient to support a

6

claim of cruel and unusual punishment. *Darnell*, 30 Kan. App. 2d at 782. Rather, deliberate indifference occurs only if a prison official ignores an inmate's medical needs or when a prison official prevents an inmate from seeking care and treatment. *Estelle*, 429 U.S. at 104; *Ramos*, 639 F.2d at 575; *Darnell*, 30 Kan. App. 2d at 781.

Here, we find that Macias has shown a sufficiently serious medical condition. However, we do not find that Macias has alleged facts that could rise to the level of deliberate indifference in responding to his medical condition. The medical records attached to the petition do not suggest that prison officials have ignored Macias' medical problems. Rather, the medical records show that the prison clinic has seen Macias many times over the years, he has been sent to two different hospitals for medical testing, he has been given him the medications ordered by his health care providers, and he continues to be monitored by health care providers at the prison.

Ultimately, we find that the case involves a dispute over medical judgment. Such judgments are appropriately left to health care providers rather than the courts. It is unfortunate that Macias' medical condition has not improved. Nevertheless, we agree with the district court's conclusion that prison officials have "gone to great lengths to find a diagnosis, provide relief of symptoms utilizing various treatment plans, and continues to monitor and attempt to address the Petitioner's symptoms."

In summary, viewing the K.S.A. 60-1501 petition and the attachments thereto in the light most favorable to Macias, we do not find it sufficient to suggest that prison officials deliberately disregarded Macias' health. Accordingly, we find that Macias has not alleged "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." We, therefore, conclude that the district court did not err in dismissing Macias' K.S.A. 60-1501 petition.

Affirmed.

7