NOT DESIGNATED FOR PUBLICATION

No. 119,573

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

GEORGE SPRY,
*Appellant*,

v.

REX PRYOR, Warden,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed February 15, 2019. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Sherri Price*, legal counsel, of Lansing Correctional Facility, and *Roger W. Slead*, of Horn, Aylward & Bandy, LLC, of Kansas City, Missouri, for appellee.

Before POWELL, P.J., ATCHESON and GARDNER, JJ.

PER CURIAM: The Leavenworth County District Court dismissed the habeas corpus petition of George Spry, an inmate at the state prison in Lansing, alleging inadequate medical care because it replicated the claims he had made and lost in earlier petitions. Spry has appealed and argues the district court improperly applied res judicata as a bar to his petition. On the particular facts presented, we find no error and affirm the district court.

1

In 2012, Spry was attacked in the prison and suffered serious injuries requiring his hospitalization. During that treatment, doctors discovered Spry had a dilated aorta. Spry had surgery in 2013 to fix the aorta. As we understand the record, Spry requires continued medication and periodic diagnostic testing because of potentially progressive coronary problems. In 2013 and 2014, Spry filed petitions under K.S.A. 60-1501 challenging his medical care as constitutionally inadequate and, thus, a violation of the Eighth Amendment to the United States Constitution. Deliberate indifference of prison officials to an inmate's serious medical needs amounts to cruel and unusual punishment under the Eighth Amendment. See *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); *Darnell v. Simmons*, 30 Kan. App. 2d 778, 780, 48 P.3d 1278 (2002).

The gist of Spry's claims in those petitions concerned the choice of medication and monitoring for his coronary condition rather than the denial of care. He also alleged prison personnel had delayed taking him for some follow-up care. The evidence indicated that Spry eventually received that care. He also asserted several other complaints. The district court considered those petitions together and denied Spry relief. The district court found nothing rising to the level of deliberate indifference to Spry's medical needs. The record we have suggests Spry did not appeal the district court's ruling.

In 2015, Spry filed this 60-1501 petition and has alleged essentially the same complaints about his continuing care for the coronary condition. The lawyer representing Rex Pryor, the warden of the Lansing Correctional Facility and thus the named respondent in a 60-1501 action, asserted the claims were barred by res judicata. The district court dismissed the petition for that reason. Spry has appealed. On appeal, Spry challenges only the application of res judicata and alleges no other grounds for reversal.

Basically, res judicata prohibits a party from bringing claims based on the same set of facts against the same adverse party in successive legal actions when the first action

2

has been resolved on the merits. *Cain v. Jacox*, 302 Kan. 431, 434, 354 P.3d 1196 (2015); *Estate of Belden v. Brown County*, 46 Kan. App. 247, 259, 261 P.3d 943 (2011) ("[R]es judicata prohibits a plaintiff from filing a successive suit against a defendant based either on factually related claims omitted from an earlier suit or on claims actually asserted and lost on a final judgment on the merits in the earlier suit."). The Kansas Supreme Court tersely stated the grounds for invoking res judicata this way: "(1) same claim; (2) same parties; (3) claims were or could have been raised; and (4) a final judgment on the merits." *Winston v. Kansas Dept. of SRS*, 274 Kan. 396, 413, 49 P.3d 1274 (2002). Whether res judicata bars a legal action presents a question of law, subject to unlimited review on appeal. *Cain*, 302 Kan. 431, Syl. ¶ 1.

The Kansas appellate courts have applied res judicata to 60-1501 actions successively raising repetitive legal challenges. See *Anderson v. Anderson*, 214 Kan. 387, 393, 520 P.2d 1239 (1974) (recognizing application of res judicata in 60-1501 action brought by parent challenging custody of minor child); *Bohanon v. Cline*, No. 114,302, 2016 WL 4585091, at *3 (Kan. App. 2016) (unpublished opinion) (recognizing applicability of doctrine generally to 60-1501 actions but declining to apply on facts of case); *Hunt v. Roberts*, No. 99,255, 2008 WL 4239031, at *2 (Kan. App. 2008) (unpublished opinion) (recognizing and applying doctrine); *Bankes v. Bruce*, No. 91,673, 2004 WL 1542515, at *1 (Kan. App. 2004) (unpublished opinion) (recognizing and applying doctrine). Other courts have specifically applied res judicata to successive prisoner claims for constitutionally inadequate medical care. See *Goodman v. May*, No. 2:17-CV-02266, 2018 WL 4007248, at *4 (S.D. W. Va. 2018) (unpublished opinion) ("Because the plaintiff's Eighth Amendment deliberate indifference claims are grounded in identical facts to the claims which were adjudicated on the merits by the state courts against the same parties, *res judicata* should be applied herein.").

Having reviewed the record and the particulars of Spry's 60-1501 petition with a liberal interpretation of the claims, we find that he is raising substantially the same

complaints based on the same facts that he litigated in his earlier petitions. The district court entered judgments on the merits against Spry in a consolidated disposition of those petitions. Pryor, therefore, correctly asserts that the requirements for invoking res judicata as a defense to Spry's current petition have been met. In turn, the district court properly relied on res judicata to dismiss the petition.

In closing, however, we mention that res judicata should be carefully applied when the parties have an ongoing relationship, such as prisoners in state custody have with the state agents holding them. If the conditions of a prisoner's confinement have materially changed following the denial of a 60-1501 petition, a new petition based on the changed conditions likely would not be barred by res judicata. See *Anderson*, 214 Kan. 387, Syl. ¶ 5; *In re A.S.*, 12 Kan. App. 2d 594, Syl. ¶ 3, 752 P.2d 705 (1988) ("Once a change of circumstances has been shown, a second proceeding to terminate parental rights is not barred by principles of res judicata or collateral estoppel.").

Affirmed.