NOT DESIGNATED FOR PUBLICATION

No. 123,468

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JUSTIN EUGENE THURBER,
*Appellant*,

v.

SAM CLINE, WARDEN,
*Appellee*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed September 17, 2021.
Affirmed.

*Joshua S. Andrews*, of Cami R. Baker & Associates, P.A., of Augusta, for appellant.

*Joni Cole*, legal counsel, El Dorado Correctional Facility, for appellee.

Before GREEN, P.J., ISHERWOOD, J., and MCANANY, S.J.

PER CURIAM: Justin Eugene Thurber appeals from a judgment of the district court summarily dismissing his K.S.A. 60-1501 petition. Thurber alleges that Warden Sam Cline and the Department of Corrections (Department) denied him adequate medical care and treatment, violating his constitutional rights. Because Thurber's petition highlighted that he received appropriate medical care and treatment for both of his ailments, and not that the Department was deliberately indifferent to his needs, the district court's summary denial of his petition is affirmed.

1

Justin Eugene Thurber stands convicted of capital murder and aggravated kidnapping. He was sentenced to death, plus a consecutive prison sentence of 176 months for the aggravated kidnapping conviction. He is currently an inmate at the El Dorado Correctional Facility.

In March 2019, Thurber filed a pro se K.S.A. 60-1501 petition for writ of habeas corpus which alleged he was unlawfully deprived of his right to adequate medical treatment for conditions involving his stomach and right eye. Thurber claimed he exhausted his administrative remedies by filing multiple grievances and appealing such grievances, yet ultimately failing to receive a response from the Secretary of Corrections.

In his petition, Thurber asked the district court to consolidate his two separate grievances—CA21209, filed December 25, 2018, and CA21248, filed January 24, 2019—into a single petition because both alleged that he suffered imminent danger for a worsening eye condition, celiac disease, "and other issues with [the correctional facility] resulting in unconstitutional actions against [him]."

According to Thurber, the malady in his eye manifested in February 2018 with a bloodshot right eye, blurry vision, and the sensation of something in his eye. He stated that Dr. Baseer Sayeed, a physician with the prison, supplied him with lubricated eye drops, which proved ineffective, and Dr. Sayeed refused to provide further treatment. The doctor purportedly remained steadfast in his refusal even though Thurber's condition allegedly continued to deteriorate. Thurber asserted that Dr. Sayeed delayed treating his eye condition for 10 months because he wanted Thurber to suffer. He further claimed that in December of that year, Warden Cline noticed an issue with Thurber's right eye and sent him to Dr. Gordon Harrod in the infirmary. Dr. Harrod prescribed medicated eye

drops, but Thurber had to wait six days to receive the prescription a delay which Thurber claims subjected him to unnecessary pain.

Thurber also alleged that he suffered from "chronic stomach" and "celiac disease issues" for over two years, as well as chronic infections and damage to his small intestines which placed him in imminent danger of substantial harm, yet Dr. Sayeed refused to treat him. Finally, Thurber claimed he was routinely provided meals that were inconsistent with his gluten-restricted diet.

Thurber's claims regarding his eye and stomach ailments prompted his first grievance—CA21209—which was filed on December 25, 2018. A prison official replied to Thurber's grievance in writing and explained:

> "Medical stated you have been seen multiple times for the issue you list in your grievance and given drops for [your] eye. Dates for medical interactions were: 2/26/18, 5/21/18, 7/3/18, 11/25/18, 12/5/18, 12/11-12/13/18 in the infirmary and 12/18/18. Your appointment with the eye [doctor] was on the 18th and you were given medication on 12/24/18. The letter you received from the Warden was dated 12/11/18 and medical did bring you to the infirmary on that date and provided you with treatment. You next allege that the Gluten free diet is not correct. This issue is being addressed with the supervisors of Aramark."

A clinical reviewer with the Secretary of Corrections (Secretary) also responded to Thurber's grievance and noted that he was seen by physicians as well as an optometrist. The reviewer summarized how Thurber was first evaluated for dry eye syndrome and treated with saline eye drops, and later placed on oral antibiotics. When the condition persisted, the optometrist discontinued the oral antibiotics and prescribed Tobradex drops. The reviewer then observed that Thurber underwent an optometric exam which revealed the existence of iridocyclitis and prompted treatment with Maxitrol. The reviewer concluded that the medical treatment Thurber received was appropriate but if he

3

continued to experience problems he should follow up with an ophthalmologist. Thurber responded to the reviewer's letter and remarked that while he was seen by Dr. Sayeed on numerous occasions, the physician was not a trained eye doctor and therefore failed to provide adequate medical care.

Thurber filed a second grievance a short time later, again referencing his eye condition and stomach issues. A health services administrator for Corizon Health issued a letter in response and stated:

> "You were seen by an optometrist 12/18/18, 1/8/19, and 1/29/19. You were diagnosed with mild iritis and given eye drops to help with your discomfort. You were also seen in the infirmary by Dr. Harrod 12/12 [and] 12/13/18 and given antibiotics. Your weight in January 2017 was 190.5 pounds. In January 2018 it was 183.6 pounds, and in January 2019 it was 185 pounds. It has remained stable for two years [indicating] your stomach issues are being treated appropriately. You have been ordered a gluten-restricted diet. As you have been told many times by several doctors, mucus in your stool is neither unusual nor life-threatening."

A clinical reviewer for the Secretary responded to Thurber's grievance and again stated that Thurber was seen by physicians and an optometrist several times for dry eye syndrome, treated with eye drops, and later prescribed oral antibiotics for an infection. After the infection cleared up, Thurber was diagnosed with primary iridocyclitis and was first prescribed Tobradex eyedrops and then eventually treated with Maxitrol. It was recommended that Thurber continue to follow up with an ophthalmologist. As for the stomach ailment, the reviewer observed that Thurber was on a gluten-free diet but that his stomach issues were not specifically linked to celiac disease. It was again concluded that Thurber received appropriate medical care and treatment. Thurber responded to the reviewer's letter and alleged that Corizon Health was incorrect and Dr. Sayeed refused to correctly enter Thurber's medical conditions into the computer system, endangering his

4

life. Thurber persisted in his complaint that the food he received aggravated his celiac disease.

Thurber later filed another motion titled "Additional evidence that shows petitioner [tried] to exhaust [remedies]." He requested that the district court enter a finding that he appropriately exhausted his remedies related to his grievances because the State failed to respond.

Approximately 1 month later, the district court entered a notice of intent to dismiss Thurber's petition in 30 days based on his failure to file verification that he served copies of his petition and his motion upon respondent, as well as his failure to provide additional evidence showing exhaustion of his administrative remedies. The district court later ordered Thurber to serve a copy of a summons and his petition upon respondent.

On June 21, 2019, Thurber filed a second pro se K.S.A. 60-1501 petition for writ of habeas corpus, again claiming receipt of inadequate medical care for his eye and stomach infirmities. He also filed a series of companion motions including another request to combine his grievances into a single K.S.A. 60-1501 petition, a motion to avoid dismissal and request counsel, a motion to allow additional evidence to support his petition, and a motion to prove his grievance appeal was exhausted. While somewhat challenging to decipher, the motions essentially requested that the district court grant his K.S.A. 60-1501 petition prior to exhaustion of his administrative remedies given the existence of unique circumstances of imminent danger, specifically, his deteriorating eye condition and celiac disease. Thurber repeated the same arguments he made previously about deficient medical treatment, alongside a new assertion that his eye condition had deteriorated to such a degree that he now suffered severe glaucoma in both eyes.

Warden Cline moved to dismiss Thurber's petitions for failure to exhaust his administrative remedies under K.S.A. 75-52,138. Cline asserted that Thurber's petitions

5

failed to provide a final written decision by the Secretary evidencing that he exhausted his administrative remedies for each of his claims. In the alternative, Cline requested the district court order Thurber to file a clear and legible amended K.S.A. 60-1501 petition, attaching documentary evidence signed by the Secretary reflecting a final decision on each issue raised.

Thurber responded to the Warden's filings with a second motion to avoid dismissal and alleged he already filed proper handwritten documents to prove he exhausted his remedies. He also requested the appointment of counsel. The district court, however, ordered Thurber to file a clear and legible second amended K.S.A. 60-1501 petition. Thurber responded by handwritten motion stating he could no longer see and could not write a clear and legible petition because of his glaucoma and again requested counsel. He attached an exhibit to his motion which displayed three labels for medical prescriptions issued to him in September and November 2019.

In response to the court's order, Thurber filed in December 2019 a pro se handwritten second amended petition for writ of habeas corpus pursuant to K.S.A. 60-1501 and requested an evidentiary hearing. He again asserted that he was subjected to inadequate medical care and treatment, setting forth arguments which focused mainly on his eye condition. Thurber reiterated that Dr. Sayeed simply provided lubricated eye drops that did not alleviate his condition, and because Dr. Sayeed lacked the necessary training to properly treat conditions involving the eyes, Thurber suffered a delay in care which led to the development of glaucoma in both eyes. Thurber also argued that Dr. Sayeed, as well as the nurses and medical staff with Corizon, were deliberately indifferent to his medical needs and violated his rights against cruel and unusual punishment under the Eighth Amendment to the United States Constitution and section 9 of the Kansas Constitution Bill of Rights.

On October 13, 2020, the district court summarily denied Thurber's K.S.A. 60-1501 petition. It found that as for his first grievance—CA21209—Thurber was treated with appropriate medications and the matter was referred to the prison health care provider accompanied by a recommendation for an examination by an ophthalmologist if the issue persisted. The district court noted no further evidence was provided and Thurber failed to demonstrate deliberate indifference or denial of access to appropriate health care.

As for Thurber's second grievance—CA21248—the district court noted the Secretary had referred the matter to the regional medical director for further evaluation. The district court explained Thurber did not complain of inadequate medical treatment after the Secretary addressed his second grievance in March 2019. The district court summarily dismissed both of Thurber's constitutional claims of inadequate medical care for failure to adequately state a claim.

Thurber timely appeals.

ANALYSIS

SUMMARY DENIAL OF THURBER'S K.S.A. 60-1501 PETITION WAS APPROPRIATE

Thurber contends his K.S.A. 60-1501 petition sufficiently established a claim for medical neglect by the El Dorado Correctional Facility. He specifically alleges that he was deprived of adequate medical treatment for his eye condition as well as his persistent stomach issues. Thurber asks this court to remand to the district court with directions to conduct an evidentiary hearing to address his claims that the Department was deliberately indifferent to his medical needs. Cline argues Thurber failed to fulfill the elements required to establish deliberate indifference.

K.S.A. 2020 Supp. 60-1503(a) authorizes the summary dismissal of a habeas corpus petition if, on its face, the petition and any attached exhibits show the petitioner is not entitled to relief in the district court.

> "To avoid summary dismissal of a K.S.A. 60-1501 petition, the petitioner's allegations must be of shocking and intolerable conduct or continuing mistreatment of a constitutional stature. Summary dismissal is appropriate if, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists. [Citation omitted.]" *Johnson v. State*, 289 Kan. 642, 648-49, 215 P.3d 575 (2009).

In reviewing a district court's summary dismissal of an inmate's K.S.A. 60-1501 petition for failure to state a claim, an appellate court accepts the allegations as true to determine whether the facts alleged in the petition and their reasonable inferences state a claim for relief. *Schuyler v. Roberts*, 285 Kan. 677, 679, 175 P.3d 259 (2008). An appellate court exercises de novo review of a summary dismissal. *Johnson*, 289 Kan. at 649.

An incarcerated person has a right to adequate medical care and treatment. This right stems from the Eighth Amendment to the United States Constitution and section 9 of the Kansas Constitution Bill of Rights, both of which disallow the infliction of cruel and unusual punishment. An appropriate remedy for a prisoner alleging deprivation of adequate medical care and treatment is through a K.S.A. 60-1501 petition for habeas corpus. *Darnell v. Simmons*, 30 Kan. App. 2d 778, 780, 48 P.3d 1278 (2002). Pro se K.S.A. 60-1501 petitions should be liberally construed. *Johnson*, 289 Kan. at 645.

The inmate bears the burden to prove the facility has exhibited deliberate indifference to his or her serious medical needs. See *Darnell*, 30 Kan. App. 2d at 783. Prison officials' acts or omissions that interfere with an inmate's medical care or treatment

can cause "'unnecessary and wanton infliction of pain'" in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); *Darnell*, 30 Kan. App. 2d at 780-81. "'Deliberate indifference to serious medical needs is shown when prison officials have prevented an inmate from receiving recommended treatment or when an inmate is denied access to medical personnel capable of evaluating the need for treatment. [Citations omitted.]' *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)." *Darnell*, 30 Kan. App. 2d at 781.

To establish deliberate indifference, Thurber was required to establish two components, one objective and one subjective. Objectively, the deprivation of a prisoner's right to adequate medical treatment must be "'sufficiently serious.'" 30 Kan. App. 2d at 781. That is, either a physician diagnosed the inmate with a medical need and treatment, or the inmate's medical need is "'so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" 30 Kan. App. 2d at 781. Subjectively, a prison official must be aware of such a medical need "'and disregards an excessive risk to inmate health or safety.'" 30 Kan. App. 2d at 781.

"If the State furnishes its prisoners with reasonably adequate food, clothing, shelter, sanitation, medical care, and personal safety so as to avoid the imposition of cruel and unusual punishment, it generally meets its obligations under the Eighth Amendment." 30 Kan. App. 2d at 783. Deliberate indifference surpasses ordinary negligence but falls short of maliciousness or an express intent to harm. 30 Kan. App. 2d at 781. An inmate's mere disagreement with his or her reasonably prescribed treatment regimen does not rise to the level of a constitutional deprivation of rights. *Johnson*, 289 Kan. at 656.

Thurber has a right to adequate medical care and treatment and that is precisely what he received. He was first diagnosed with dry eye syndrome, and Dr. Sayeed provided him with lubricated eye drops. A few months later, Warden Cline recognized the need to send Thurber to the infirmary for medical attention related to his eye

9

condition. He was seen by Dr. Harrod in the infirmary a short time later and started on a series of medications.

While Thurber's petition showed that he had a significant eye condition, it did not establish that officials disregarded an excessive risk to his health or caused unnecessary and wanton infliction of pain. As for Thurber's stomach condition, a clinical reviewer determined Thurber received a gluten-free diet but also explained that celiac disease was not the root cause of his issues. The reviewer noted Thurber received appropriate medical care and treatment.

The claims set forth in Thurber's petition fall short of that required to successfully establish a claim of deliberate indifference to his medical needs. Rather, the claims simply criticize the reasonably prescribed treatment afforded him in response to his disorders. Again, such disagreements do not rise to the level of a constitutional deprivation of rights.

Thurber suggested Dr. Sayeed acted maliciously with an express intent to harm him, but the record lacks such evidence. Instead, the petition and attachments clarified that physicians treated Thurber on numerous occasions for his right eye and stomach conditions and offered the medical care and treatment deemed necessary to effectively address those issues. Even accepting Thurber's alleged facts as true, the prison had Thurber evaluated by at least two doctors several times, maintained a recommendation for him to visit an ophthalmologist if his eye condition worsened, and continued to re-evaluate his diet to confirm he received reasonably adequate food.

Thurber failed to allege shocking and intolerable conduct or continuing mistreatment of a constitutional nature and failed to demonstrate a deliberate indifference to his medical needs. His petition and attached exhibits show he has no right to relief.

10

The district court did not err in summarily dismissing Thurber's petition for failure to state a claim.

Affirmed.