NOT DESIGNATED FOR PUBLICATION

No. 124,020

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LEROY BOWERS,
*Appellant*,

v.

BARTON COUNTY SHERIFF BRIAN BELLENDIR,
*Appellee*.

MEMORANDUM OPINION

Appeal from Barton District Court; STEVEN E. JOHNSON, judge. Opinion filed January 28, 2022. Reversed and remanded with directions.

*Bradley T. Steen*, of Law Office of B. Truman Steen, LLC, of Ellsworth, for appellant.

No appearance by appellee.

Before MALONE, P.J., POWELL and ISHERWOOD, JJ.

PER CURIAM: Leroy Bowers filed a petition pursuant to K.S.A. 60-1501 while being held in pretrial detention at the Barton County Detention Facility. The petition claimed that jailers conspired to plant drugs on him, inmates taunted him as being a "CI" and a "child molester," and jailers denied his request to be moved when he was assaulted by three inmates over the course of six and a half hours. The district court summarily denied the petition and Bowers timely appealed. On appeal, Bowers argues the district court erred because he alleged facts that established a due process violation as well as a claim of deliberate indifference. The district court's order of dismissal bears no indication it considered Bowers' claim that jailers neglected to intervene when he was threatened

1

and later attacked by several other inmates. Because those allegations support claims of relief based on the denial of a liberty interest, as well as deliberate indifference to his well-being, the district court's refusal to consider them constitutes error. Accordingly, Bowers' case is reversed and remanded with instructions that a writ be issued to compel a response from the State.

FACTUAL AND PROCEDURAL BACKGROUND

In March 2021, Bowers filed a pro se habeas petition under K.S.A. 2020 Supp. 60-1501 while in pretrial custody at the Barton County Detention Center. He alleged that he faced cruel and unusual punishment, sought immediate release, and requested dismissal of his charges with prejudice. In the petition, Bowers explained that jailers refused to assist him with legal research, threatened to plant drugs in his property bag, and accused him of being a "child molester." Finally, he described an incident where several other inmates threatened to attack him, so he requested to be relocated. Jailers ignored his pleas, his would-be assailants made good on their threats and Bowers endured a six and a half hour beating. He stated that jail officials pulled him aside a week later and inquired about the incident, but he did not feel safe enough to speak freely.

The district court summarily dismissed Bowers' petition and offered the following in support of its conclusion:

> "While the petition is extremely difficult to decipher, it is apparent he does not feel he is being treated fairly when it comes to interaction with other inmates and claims that jailers have threatened to frame him for drug possession. *He does not indicate that any of these actions have occurred, and the most he can assert in regards to any actual fact is that he feels uncomfortable and threatened.* Not only is he seeking release from pretrial detention, he is seeking relief of dismissal of the charges against him. This is relief that cannot be obtained through habeas corpus, and further, the facts do not justify his pretrial detention release. If he has grounds for release, he should seek them through the criminal actions against him." (Emphasis added.)

2

Bowers timely appealed. His appointed counsel filed an appellate brief on his behalf but Respondent, Barton County Sheriff Brian Bellendir, never submitted a brief.

The matter is now before us and requires an analysis of the propriety of the district court's summary denial of Bowers' claims.

DID THE DISTRICT COURT ERR IN SUMMARILY DISMISSING BOWERS' K.S.A. 60-1501 PETITION?

On appeal, Bowers argues that his petition should not have been summarily dismissed because jailers at the Barton County Detention Facility were "deliberately indifferent" toward his safety.

*Standard of Review*

This court exercises unlimited review over summary dismissal of a K.S.A. 60-1501 petition. *Johnson v. State*, 289 Kan. 642, 649, 215 P.3d 575 (2009). "Whether the district court correctly construed a pro se pleading is a question of law subject to unlimited review." *State v. Gilbert*, 299 Kan. 797, 802, 326 P.3d 1060 (2014).

*Issuance of Writ*

K.S.A. 60-1501 petitions provide prisoners an opportunity to "attack the conditions of [their] confinement." *Shepherd v. Davies*, 14 Kan. App. 2d 333, 335, 789 P.2d 1190 (1990). K.S.A. 2020 Supp. 60-1503(a) provides:

> "(a). *Issuance*. The petition shall be presented promptly to a judge in the district court in accordance with the procedure of the court for the assignment of court business. The petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits attached thereto that the plaintiff is not entitled to relief in the district court, the petition shall be dissolved at the cost of the

3

plaintiff. If the judge finds that the plaintiff may be entitled to relief, the judge shall issue the writ and order the person to whom the writ is directed to file an answer within the period of time fixed by the court or to take such other action as the judge deems appropriate."

A district court may summarily dismiss a K.S.A. 60-1501 petition if the allegations are not "of shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson*, 289 Kan. at 648. "Summary dismissal is appropriate if, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists." 289 Kan. at 648-49.

On appeal from that decision, the appellate court's "task is to accept as true the allegations in [the] petition in order to determine if the facts alleged and their reasonable inferences state a claim for relief." *Schuyler v. Roberts*, 285 Kan. 677, 679, 175 P.3d 259 (2008). "The court must determine whether the alleged facts and all their inferences state a claim, not only on the theories which the plaintiff espouses, but on any possible theory." *Hill v. Simmons*, 33 Kan. App. 2d 318, 320, 101 P.3d 1286 (2004). Additionally, reviewing courts "broadly construe" pro se petitions. *Laubach v. Roberts*, 32 Kan. App. 2d 863, 868, 90 P.3d 961 (2004).

Thus, the analysis of whether Bowers' K.S.A. 60-1501 petition may be dismissed must begin by accepting as true the allegations set forth in Bowers' initial K.S.A. 60-1501 petition. The district court failed to do this. Rather, in its order of dismissal, when discussing the petition's factual allegations, the district court found that "it is apparent [Bowers] does not feel he is being treated fairly when it comes to interaction with other inmates and claims that jailers have threatened to frame him for drug possession." Thus far, this is an accurate reading of the petition.

The district court erroneously concluded that Bowers "does not indicate that any of these actions have occurred and the most he can assert in regard to any actual fact is that he feels uncomfortable and threatened." While it is true that Bowers experienced both these states, page five of his petition also includes a specific allegation that a jailer ignored his pleas for protection from an impending assault and, as a result, on February 25, 2021, he endured a nearly seven-hour beating at the hands of other inmates who accused him of being a "child molester" and a "CI." Bowers' petition also stated that detention facility officials attempted to interview him about a week after the assault occurred, but he was too afraid to speak openly about it. The district court's order omits these allegations.

The district court addressed the remedies sought by Bowers, pretrial release or dismissal of the charges against him. The court found that the facts did not warrant release from custody and, further, that a habeas corpus petition was not the proper vehicle through which to obtain dismissal of his charges.

K.S.A. 2020 Supp. 60-1505(d) outlines the appropriate remedies in a habeas action:

> "(d) *Judgment*. If the court determines that the restraint is not wrongful, the writ shall be dissolved at the cost of the plaintiff. *If the restraint is found to be wrongful, the judgment shall be either that the person shall be released*, or that custody shall be transferred to some other person rightfully entitled thereto, and the court may make such other orders as justice and equity or the welfare of a minor physically present in the state may require." (Emphasis added.)

So Bowers' requests for relief were not entirely precluded as a matter of law. See *In re Horst*, 270 Kan. 510, 14 P.3d 1162 (2000) (discussing the right to be released from custody in relation to a K.S.A. 60-1501 petition). As a reviewing court, we have the obligation to accept Bowers' allegations as true. Thus, we must assume then that his

request for release arose from the fact that jailers in his detention facility possessed knowledge about the impending assault against Bowers but made the conscious decision to not intervene.

The next step in our analysis is to determine whether these alleged facts and their reasonable inferences give rise to a claim for relief. *Schuyler*, 285 Kan. at 679. Importantly, the alleged facts can support *any* theory of relief. Thus, this court's analysis is not limited to the arguments raised by Bowers in his initial petition. See *Hill*, 33 Kan. App. 2d at 320.

As noted above, a K.S.A. 60-1501 petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson*, 289 Kan. at 648. The "shocking and intolerable conduct" language "derives from the Fourteenth Amendment to the United States Constitution, which prohibits the states from depriving persons of 'life, liberty, or property, without due process of law.'" 289 Kan. at 649 (quoting U.S. Const. amend. XIV, § 1). A two-pronged due process analysis is required, (1) whether the State deprived Bowers of life, liberty or property and (2) what is the extent and nature of the process to which he is entitled. See *Johnson*, 289 Kan. at 649.

Bowers contends that the jail conditions of which he complained implicate a liberty interest. A liberty interest may emanate from two potential sources, state law or the Due Process Clause of the Fourteenth Amendment. *Chubb v. Sullivan*, 50 Kan. App. 2d 419, 426, 330 P.3d 423 (2014). Bowers argues that both provide a foundation for his claim. He first directs our attention to *Schuyler* and its holding that a liberty interest could be implicated when conditions are imposed that lead to "a significant hardship on the inmate in relation to the ordinary incidents of prison life." *Schuyler*, 285 Kan. at 682. He also cites to K.S.A. 19-1919 and its mandate that "all prisoners shall be treated with humanity."

6

A federal district court rejected a similar state law driven argument and Bowers has not provided us with any authority from the Kansas Supreme Court where they assumed the opposite stance. See *Tennant v. Miller*, No. 13-2143-EFM, 2014 WL 289497, at \*3 (D. Kan. 2014). When detention facility guards turn a blind eye to an hours long attack that inmates perpetrate against another inmate, such an incident constitutes a significant hardship compared to the ordinary course of prison life. Accepting such facts as true here, Bowers articulated a claim rooted in the liberty interest contemplated by the Fourteenth Amendment.

There are other constitutional roads a petitioner may opt to travel in pursuit of relief, beyond the Fourteenth Amendment. For example, several claims filed under K.S.A. 60-1501 are grounded in accusations that prison officials violated the Eighth Amendment by engaging in deliberate indifference toward a prisoner's medical needs. See *Stolte v. Cummings*, 31 Kan. App. 2d 639, 70 P.3d 695 (2003); *Darnell v. Simmons*, 30 Kan. App. 2d 778, 48 P.3d 1278 (2002); *Spry v. Pryor*, No. 119,573, 2019 WL 638266 (Kan. App. 2019) (unpublished opinion); *James v. McKune*, No. 102,979, 2010 WL 446064 (Kan. App. 2010) (unpublished opinion).

Bowers uses this alternative approach and argues the deliberate indifference standard is equally applicable to the failure to protect inmates from violence and harm. Although he cites no Kansas authority to support his assertion, he does highlight a case from the Tenth Circuit Court of Appeals that is favorable to his position, *Hooks v. Atoki*, 983 F.3d 1193 (10th Cir. 2020). In that case, Hooks argued that Officer "Atoki exhibited deliberate indifference by failing to intervene during a vicious, gang-related jailhouse assault." 983 F.3d at 1196. While the court ultimately rejected Hooks' argument, it nevertheless clarified that deliberate indifference is not restricted to the medical treatment context. 983 F.3d at 1196. See also *Contreras on behalf of A.L. v. Dona Ana County Board of County Commissioners*, 965 F.3d 1114, 1115-22, 1125-41 (10th Cir. 2020) (Tymkovich, C.J., concurring); (Baldock, J., concurring in part) (includes two separate

7

discussions regarding the viability of deliberate indifference in the context of a guard's failure to protect inmates).

A broader application of deliberate indifference makes logical sense, given that a primary case relied on by Kansas courts in the medial mistreatment context, *Farmer v. Brennan*, 511 U.S. 825, 828-30, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994), involved the allegation of an Eighth Amendment violation that arose after Farmer was raped and beaten by a cellmate. The Court explained that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." 511 U.S. at 828; see also *State v. Scott*, 265 Kan. 1, Syl. ¶ 1, 961 P.2d 667 (1998) ("The Cruel and Unusual Punishment Clauses of the Eighth Amendment to the United States Constitution and § 9 of the Kansas Constitution Bill of Rights are nearly identical and are to be construed similarly.").

Kansas courts have therefore looked favorably upon *Farmer* when conducting a deliberate indifference analysis. The governing test includes objective and subjective components. *Cupples v. State*, 18 Kan. App. 2d 864, 869, 861 P.2d 1360 (1993). "The objective component is met if the deprivation is 'sufficiently serious.'" *Darnell v. Simmons*, 30 Kan. App. 2d at 781 (quoting *Farmer*, 511 U.S. at 834). The *Farmer* Court clarified that for claims "based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. "The subjective component is met if a prison official 'knows of and disregards an excessive risk to inmate health or safety.'" 30 Kan. App. 2d at 781 (quoting *Farmer*, 511 U.S. at 837).

We acknowledge that, over time, courts have struggled to define parameters for deliberate indifference. In *Cupples*, this court approvingly quoted the Tenth Circuit's explanation of the theory in *Berry v. City of Muskogee*, 900 F.2d 1489, 1495 (10th Cir. 1990), that deliberate indifference requires more than negligence and that "an official or

municipality acts with deliberate indifference if its conduct (or adopted policy) disregards a known or obvious risk that is very likely to result in the violation of a prisoner's constitutional rights." 18 Kan. App. 2d at 869. Inmates need not show intentional harm. *Farmer*, 511 U.S. at 835. See also *Strain v. Regaldo*, 977 F.3d 984, 991 (10th Cir. 2020) ("deliberate indifference often stems from inaction.").

A panel of this court recently noted that Judge Posner described deliberate indifference by analogy:

> "'Prison employees who act with deliberate indifference to the inmates' safety violate the Eighth Amendment. But to be guilty of 'deliberate indifference' they must know they are creating a substantial risk of bodily harm. If they place a prisoner in a cell that has a cobra, but they do not know that there is a cobra there (or even that there is a high probability that there is a cobra there), they are not guilty of deliberate indifference even if they should have known about the risk, that is, even if they were negligent—even grossly negligent or even reckless in the tort sense—in failing to know. *Bowers v. DeVito*, 686 F.2d 616, 618 (7th Cir. 1982). But if they know that there is a cobra there or at least that there is a high probability of a cobra there, and do nothing, that is deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); *Miller v. Neathery*, 52 F.3d 634, 638 (7th Cir. 1995).' *Billman v. Indiana Dep't of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995)." *Astorga v. Leavenworth County Sheriff*, No. 122,387, 2020 WL 6533282, at *9 (Kan. App. 2020) (unpublished opinion).

With all this guiding authority in mind, our task is to resolve whether the facts in Bowers' case, coupled with their reasonable inferences, give rise to a claim of deliberate indifference. We find the objective prong is satisfied because Bowers endured an extensive physical attack at the hands of three other inmates. Such an attack is properly characterized as sufficiently serious because Bowers lived in conditions that subjected him to a serious risk of harm. We likewise conclude the subjective prong is fulfilled because Bowers explained that he notified the jailers when he was threatened with

assault, and they sat idly by. Thus, detention officials knew of and disregarded an excessive risk to Bowers' safety.

As a result, the allegations set forth in Bowers' initial K.S.A. 60-1501 petition prompt two alternative theories of relief:  one based on a Fourteenth Amendment liberty interest, and the other on deliberate indifference. The district court's order of dismissal failed to acknowledge the allegations that inmates assaulted Bowers and detention officials declined to render assistance. K.S.A. 2020 Supp. 60-1503(a) clearly states:

> "If the judge finds that the plaintiff *may* be entitled to relief, the judge shall issue the writ and order the person to whom the writ is directed to file an answer within the period of time fixed by the court or to take such other action as the judge deems appropriate." (Emphasis added.)

The district court's incomplete reading of the petition led to its failure to acknowledge theories under which Bowers *may* have been entitled to relief. Summary dismissal was therefore inappropriate. The district court's judgment must be reversed and remanded with an order to issue a writ that requires Bellendir to file an answer. See K.S.A. 2020 Supp. 60-1503(a); see also *Germann v. Conover*, No. 110,643, 2014 WL 3397814, at *4 (Kan. App. 2014) (unpublished opinion) ("Germann has sufficiently alleged due process violations in his 60-1501 petition to preclude summary dismissal. We, of course, express no view on whether those allegations can or will be substantiated or on the appropriate remedy if they were. The district court should not have summarily dismissed the petition.").

Reversed and remanded with directions.